P. JORDAN v. WILLIAM HIGGINS ET AL.

(Case No. 1991.)

1. TRESPASS TO TRY TITLE — STATUTE OF LIMITATION.— An action of trespass to try title to certain lots, bought at a sale for taxes due on them, was against persons holding them under claim of right. The defendants pleaded the ten years' statute of limitation. *Held:*

(1) That if the tax deed was valid, and any title passed, it was only such as the real owner of the land had at the time of the sale.

(2) That such a purchaser stands in relation to persons in possession under claim of right, but with no title, just as the real owner would stand had there been no sale.

(3) That if there had been no tax sale, and the suit had been instituted by the real owner at the time it was, if his right of action would have been barred by the statute of limitation, so would that of the purchaser at tax sale, or those holding under him.

APPEAL from Jefferson. Tried below before the Hon. W. H. Ford. This was a suit brought to try the title to two lots in the town of Beaumont, claimed by plaintiff under a tax deed to James Ingalls, Jr., dated June 1, 1880, against parties who had used and occupied the lots continuously for ten years prior to March 31, 1880. The cause was tried by the court, and judgment given for the defendants, from which the plaintiff appealed.

*T. J. Russell*, for appellants.

*O'Brien & John*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellant to recover certain lots in the town of Beaumont.

The appellees answered by a plea of not guilty and the statutes of limitation of ten years.

A judgment was rendered in favor of the defendants quieting

them in their titles to the several parts of the lots by them respectively claimed.

The appellant, as evidence of title, relied upon a tax deed made by the collector of taxes for Jefferson county under a sale made for taxes on the lots for the year 1879.

Objections were sustained to the admission of the deed under which the appellant claims, and also to the tax sale for the year 1879, on account of supposed informalities; but, in the view taken of the case, it becomes unimportant to consider whether the ruling of the court in excluding those papers was correct or not; for if no other judgment than that rendered could have been rendered, had the deed and tax roll been admitted and given full effect, then their exclusion operated no injury to the appellant.

The land was sold as that of an unknown owner, and was so assessed.

If the deed was valid and passed title, it would, as it professes to do, pass the title of the person who was really the owner of the land at the time the assessment was made.   R. S., sec. 4756.

The purchaser at such a sale would take the title of the real owner, if title passed by it, and would stand in relation to persons having no title, but in possession under claim of right, just as the real owner would have stood had there been no sale.

In this case the appellees, so far as the record shows, had no title at any time during the year 1879, or prior thereto, but at the time this action was instituted their title had been perfected by an adverse possession of ten years, completed not before the 31st March, 1880.

Under this state of facts, the appellant's action was barred at the time he brought this suit, just as would have been the former owner had the tax sale not been made and had the action been instituted by him; and no judgment, other than that rendered, could have been rendered, even if the tax deed passed the title of the former owner to the appellant.   It is therefore affirmed.

JUDGMENT AFFIRMED.

[Opinion delivered January 27, 1885.]