GEORGE M. PATTON v. THOS. L. MINOR ET AL.

No. 2022. Decided February 16, 1910.

**Tax Sale—Limitation—Case Stated.**

Defendants were in possession of land, as naked trespassers, but holding adversely to the true owner. It was assessed for taxes against unknown owners and sold under a judgment foreclosing the tax lien, rendered on service by publication upon the unknown owners, the defendants, whose possession had not then been continued for ten years, not being made parties to the tax suit. Their ten years possession having been afterwards completed, they pleaded limitation to an action by plaintiff holding title under the sale for taxes. Held, that the possession of defendants prior to the foreclosure of the tax lien did not entitle them to assert limitation as against the State nor against the party acquiring title from it by the tax sale, and that plaintiff could recover although the unknown owners or those holding title by purchase from them would be barred from recovering the land by limitation in favor of defendants.

Error to the Court of Civil Appeals for the Fourth District in an appeal from El Paso County.

Patton sued Minor and another in trespass to try title. Defendants had judgment which was affirmed on plaintiff's appeal. He then obtained writ of error.

*Beauregard Bryan,* for plaintiff in error.—Where the statute provides that a sale of land for taxes vests title in purchaser, it is error to render judgment in favor of defendants (who are in possession as naked trespassers) on their plea of ten years adverse possession, because limitation can not run against the State so as to prevent property subject to taxes from being sold under judgment and title conveyed to purchaser by the State. Rev. Stats., art. 3351.

Where it is shown as in this case that before ten years limitation had run against the "unknown owners" judgment was obtained by the State foreclosing a tax lien on the property of said "unknown owners" and a sale was made of said "unknown owners'" property and a purchase was made thereof under said sale, the change in the ownership of the property from "unknown owners" to a known owner broke the chain of limitation of a trespasser in possession, and adverse possession had to set in again by said trespasser and would be required to run from the date of said broken chain before the title by limitation could be successfully pleaded. Armstrong v. Morrill, 14 Wall., 120; Blackwell on Tax Titles, 942; Wood on Limitations, sec. 270, p. 577; Wettig v. Bowman, 47 Ill., 17; Smith v. Power, 23 Texas, 30, 35; Brown v. Sneed, 77 Texas, 471; 13 Am. & Eng. Enc. Law, 716; 1 Enc. Law and Proc., 1018.

Where by statute as in this State the law provides specifically that a deed from the State of Texas under judicial foreclosure of tax lien is a good and perfect title, it is error to hold that only a lien is proved. Rev. Stats., art. 5232h; Const., art. 8, sec. 13; Masterson v. State, 17 Texas Civ. App., 91; Williams v. Young, 41 Texas Civ. App., 212; Ball v. Carroll, 42 Texas Civ. App., 323.

The statutes of limitations of Texas do not give title or any inchoate right that has to be recognized by any one until the full period

of time has run as prescribed by said statutes and title perfected by reason of said time running. Beatty v. O'Harrow, 49 Texas Civ. App., 404; Rev. Stats., art. 5232n; Masterson v. State, 17 Texas Civ. App., 91; Bent v. Sullivan, 115 S. W., 351.

*Patterson & Wallace* and *McGown & Price,* for defendants in error. —The title conveyed to a purchaser in an execution sale or under an order of sale is the title of the defendants in the judgment. Jordan v. Hudson, 11 Texas, 84; McBride v. Bangus, 65 Texas, 178; Jordan v. Higgins, 63 Texas, 150.

A suit and proceedings thereunder can not affect the rights of persons in possession of land who are not parties thereto and not in privity with any of the parties to the suit and have no notice of the same. Mumme v. McClosky, 28 Texas Civ. App., 83; Holloywood v. Wellshausen, 28 Texas Civ. App., 302; Bingham v. Matthews, 39 Texas Civ. App., 41; Jeffrus v. Atler, 56 Texas, 197; Reade v. Allen, 58 Texas, 382; Green v. Robertson, 70 S. W., 34; Bradley v. Janssen, 93 S. W., 506; Pearson v. Branch, 87 S. W., 222.

A suit and judgment thereon for taxes and sale under such judgment does not interrupt the running of the statute of limitations in favor of the one in possession of the land who is not a party to said suit, who has no notice thereof, and is not in privity with the parties therein. Jordan v. Higgins, 63 Texas, 150; Davidson v. Thomas, 86 N. W., 291; Harrison v. Dolan, 172 Mass., 395.

When plaintiff in trespass to try title shows no title in himself, no possession in himself, nor the right to possession, the judgment should be for the defendant. Keys v. Mason, 44 Texas, 142; Caplen v. Drew, 54 Texas, 496; Watkins v. Smith, 91 Texas, 591; Mumme v. McClosky, 28 Texas Civ. App., 83.

From a motion for rehearing by defendants in error, which was overruled:

We most respectfully submit that in this case it was incumbent upon plaintiff in error to have deraigned title from the sovereignty of the soil. We here quote from the opinion of Chief Justice Moore in the case of Keays v. Mason, 44 Texas, 140: "It is true the possession of the defendant entitles him to a judgment against the plaintiff, unless the latter shows a prima facie title. He does this when he deraigns title from the sovereignty of the soil down to himself; or if he shows title out of the government and subsequent possession for sufficient length of time to toll the right of entry, or merely a prior possession to that under which the defendant claims with a regular chain of title connecting himself with such possession; or by proof that defendant and himself claim the land under a common source of title and that his is the better right or superior title under such common source."

It is true that the above quotation is dictum, but a long line of decisions of this court has recognized same as the law of this State. It is well settled by the decisions of this court that a purchaser at an execution sale takes such title only as the defendant therein holds. Further, that in a suit against persons other than those claiming

under the execution defendant, the plaintiff claiming under the sheriff's deed must show some title in the execution defendant before he can recover thereon.

The opinion of the court herein recognizes the principle that all title that passed to plaintiff in error was the title of the unknown owners. The court says: "The fallacy in the decision of the trial court is the holding that execution defendants are holding adversely to real owners. The State could not pass to a purchaser at a tax sale superior title to that of the owner. In one sense this is correct, but on the application of the facts of this case it is not correct." What was the title that passed to plaintiff in error, by vendor Holland, by virtue of its tax deed? We maintain that the findings of fact do not disclose that the unknown owners ever had any title to the land.

MR. JUSTICE BROWN delivered the opinion of the court.

We copy the following statement from the opinion of the Court of Civil Appeals:

"This suit was brought by plaintiff in error against defendants in error, in the form of an action of trespass to try title, to recover possession of a certain parcel of land described as lot 15, block 103, of Campbell's Addition to the city of El Paso, Texas; or, in the alternative, to recover $175 with six percent interest thereon from March 15, 1904.

"The defendants pleaded not guilty and the ten years statute of limitation.

"The case was tried without a jury and judgment rendered in favor of defendants upon their plea of limitations and in favor of plaintiff on his alternative demand. The nature of the case will more fully appear from the following conclusions of fact and law, which we adopt as our opinion, filed by the trial judge, the Hon. J. M. Goggin.

" '*Conclusions of Fact.*—First. I find that some time during the year 1894, defendant Minor took possession of the lot sued for herein, erected a substantial dwelling thereon, into which he then moved, and that about seven months thereafter the defendant, Rojas, having built on said lot an addition to Minor's house, moved into same, and that both said Rojas and Minor have continued to reside thereon without intermission up to the present time; that during said time they continuously occupied, used and enjoyed said lot as their homestead, and have always claimed the same as their property. That the possession from the time of their entry in 1894, until the present has been continuous, exclusive and hostile to the claim or claims of the unknown owners, and to that of all other persons who might have or did assert an interest in said property, and that during said occupancy they claimed the same as their joint property and homestead.

" 'Second. That the taxes on said property not having been paid for the years 1889 to 1900, inclusive, the State on the 6th day of September, 1902, acting through its attorney, filed suit for taxes,

costs, etc., against the unknown owners, perfected service by cita-
tion by publication, and on the 15th day of December, 1902, obtained
judgment against the unknown owners of said property for taxes,
costs, etc.   That thereafter on the 15th day of March, 1904, the
sheriff in pursuance of an alias order of sale issued out of said tax
judgment sold said property to satisfy same, and the property was
regularly bid in and knocked down and regularly deeded by the sheriff
to one Daniel P. Holland.   That said judgment, among its other reci-
tations, contained one to the effect that the unknown owners had
been duly and legally cited by publication as the law directed.   That
thereafter by quitclaim deed the said Daniel P. Holland, joined by
his wife, conveyed said lot so purchased by him, to George M. Patton
as executor of the estate of Carrie C. Higgins, and the said Patton
is now claiming said property, and sues herein for same under said
alleged tax title.   The defendants claim against said title under
the statute of ten years.   I further find that said Holland bid in
said property at said sale for the amount of one hundred and seventy-
five dollars which was paid as stated in his tax deed executed to
him by the sheriff.

" 'Third.   That neither of the defendants were ever cited, or had no-
tice of any character, of the pendency of the suit for foreclosure of the
tax lien by the State, nor knew anything of the judgment obtained
in that case until they were notified to vacate shortly before the
institution of this suit; but as aforesaid, at the time of the institu-
tion of said suit, during its pendency, at the time of the judgment
and sale, and continuously up to the present, they have been in
possession of said property, occupying, using and enjoying the same
as aforesaid as their homestead.   That plaintiffs claim under said
tax title alone.   That plaintiffs show no possession of the land in
controversy at any time.' "

The only question involved in this litigation depends for its solu-
tion upon the effect to be given to the following provisions of the
Constitution and the statutes of the State:

Section 15 of article 8 of the Constitution reads:

"The annual assessment made upon landed property shall be a
special lien thereon, and all property, both real and personal, belong-
ing to any delinquent taxpayer shall be liable to seizure and sale for
the payment of all the taxes and penalties due by such delinquent;
and such property may be sold for the payment of the taxes and
penalties due by such delinquent, under such regulations as the
Legislature may provide."

Article 5086, Sayles' Civil Statutes, reads as follows:

"All taxes upon real property shall be a lien upon such property
until the same shall have been paid."

From article 3351, Sayles' Civil Statutes, we quote as follows:

"The right of the State shall not be barred by any of the provisions
of this chapter."

The trial court and the Honorable Court of Civil Appeals held that
because the unknown owner of the property in question could not
have recovered against the defendants in this suit, therefore, the
purchaser of the property at a sale made by the State for taxes can

not recover of the possessor of the said property in whose favor a period of ten years' occupancy had expired prior to the institution of this suit. We are of opinion that the courts erred in that holding.

Reliance is placed upon Jordan v. Higgins, 63 Texas, 150, in which Judge Stayton, for the court, said:

"Under this state of facts, the appellant's action was barred at the time he brought this suit, just as would have been the former owner had the tax sale not been made and had the action been instituted by him."

We are not inclined to agree to the conclusion announced by the learned judge in that case. In the facts, the two cases are clearly distinguishable, but the same principle underlies that decision that controlled the Court of Civil Appeals in its decision in this case. In Jordan v. Higgins the sale of the land was made by a tax collector without judicial proceeding, while in this case the sale was made under a judgment of the District Court upon regular proceeding according to the statute. In the Higgins case the statute of limitation was complete before the sale was made, while in this case the sale was actually made and the property deeded to the purchaser before the expiration of ten years as claimed by the defendants.

By virtue of article 5086, copied above, that lien continued "until paid," and such claim was not subject to the bar of the statute, therefore, the case of White v. Pingenot, 90 S. W., 672, is not applicable to this case. We must look to the Constitution and statutes for the rule by which to determine the rights of the parties to these lots. The defendants in error had no title at the institution of this suit, therefore, were not proper parties thereto, but the judgment bound them as well as all other persons although not served with notice. Art. 5232o, Rev. Stats. There is no advantage to them from being in possession. The fallacy in the decision of the trial court is the holding that because defendants were holding adversely to the real owner therefore the State could not pass to a purchaser at a tax sale superior title to that of the owner. In one sense this is correct, but in its application to the facts of this case it is not correct.

To test the defendants' position fairly we will suppose that the ten years' possession had elapsed before the institution of the suit and the occupants were made defendants to the suit to foreclose. If they had pleaded that the State's lien was barred by limitation the plea could not have prevailed, or if at the sale, which was made, the State had purchased the property, and this suit had been filed in the name of the State, the plea of limitation could not have prevailed. If the State by purchasing at the sale could acquire a good title by a suit against defendants, it could recover notwithstanding the unknown owner would be barred by ten years' possession by the defendants. Having purchased the land the State could have conveyed to the plaintiffs a title which could not be defeated by this plea of limitation.

Can it be said that the State had a right to foreclose its lien upon this land and acquire the title by sale to itself, but could not by a sale to another confer such title upon the purchaser as would be

equal to the State's lien? Such a position could not be maintained and probably would not be asserted, yet the judgment in this case expresses that illogical conclusion.

It is therefore ordered that judgment be here entered that the plaintiff in error Patton, recover of the defendants in error the lots in controversy and all costs.

*Reversed and rendered.*