WOODS et al. v. MOORE. (No. 555.)*

(Court of Civil Appeals of Texas. El Paso. April 13, 1916. Rehearing Denied. May 4, 1916.)

1. TAXATION ☞789(1) — TAX SALES — EVIDENCE OF TITLE.

In trespass to try title by a purchaser from one buying at a tax sale, the judgment, order of sale, and the sheriff's deed in the tax suit, which was against unknown owners, were admissible in evidence against defendants, not parties to the tax suit, as muniments of title to establish the fact that the grantee had acquired the title of the unknown owner.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1556; Dec. Dig. ☞789(1).]

2. EVIDENCE ☞340(3)—COPIES OF RECORDS—STATUTE.

Under Rev. St. 1911, art. 3694, making certified copies of the records of all public officers and courts of the state admissible as evidence where the records themselves would be admissible, in trespass to try title by one claiming under a purchaser at a tax sale, certified copies of orders of the probate court in the administration of a decedent's estate were admissible in evidence in rebuttal of defendants' claim of title under power ·of attorney of persons claiming to be decedent's heirs.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1297; Dec. Dig. ☞340(3).]

3. JUDGMENT ☞712—TAXATION ☞641—TAX SUIT — JUDGMENT — BINDING FORCE — ADVERSE POSSESSOR.

Unless a party's title by limitation to land has been fully perfected before bringing of a tax suit against unknown owners, he is not a necessary party to the suit, under his claim of title by limitation, and judgment in the suit binds him as well as all other persons, though he is not served with notice.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1233; Dec. Dig. ☞712; Taxation, Cent. Dig. § 1304; Dec. Dig. ☞641.]

4. ESTOPPEL ☞71—TAX TITLES—ESTOPPEL OF OCCUPANT—DISCLAIMER.

Where the occupant of lands delinquent for taxes went to the county attorney and told him that, if he would not make him a party to the tax suit, as he owned no interest therein, but would sue simply unknown owners, he, the occupant, would buy in the land at the sale under the judgment, which the attorney did, such occupant was estopped from asserting any title by limitation in himself against one claiming under the purchaser at the tax sale.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 173-182; Dec. Dig. ☞71.]

Appeal from District Court, Haskell County; Jno. B. Thomas, Judge.

Suit by Mrs. M. M. Moore against W. M. Woods and another. From a judgment for plaintiff, defendants appeal. Affirmed.

A. H. Kirby, of Abilene, Scott W. Key, of Haskell, and R. M. Reed, of El Paso, for appellants. W. H. Murchison, H. G. McConnell, Bruce W. Bryant, and H. R. Jones, all of Haskell, for appellee.

WALTHALL, J. Appellee, Mrs. M. M. Moore, brought this suit in trespass to try title, against appellants, W. M. Woods and A. C. Foster, to recover a tract of land in Haskell county, containing 177 acres, originally granted to Wm. Strode. Appellants answered by pleas of general denial, not guilty, and limitations of 5 and 10 years. Appellee, by supplemental petition, alleged, in substance, that on the 20th day of April, 1911, the land in controversy was delinquent for taxes, interest, penalties, and costs due for some 20 previous years, and that on said date the state instituted its suit to recover therefor and to foreclose its lien, and thereafter recovered a judgment against unknown owners for the amounts due, and foreclosing the lien for taxes due the state and county of Haskell upon the land in controversy; that under said decree an order of sale was issued, a public sale of the said land was had, and the sheriff executed a deed to the purchaser under said sale. Appellee claimed title from the purchaser at said sale; denied the facts alleged by appellants under which they claimed title by limitation; alleged that appellant Foster is estopped from asserting title under his plea of limitation, for the reason that prior to the filing of the tax suit, and while the county attorney had before him the data showing the delinquency of said lands for taxes, interest, penalties, and costs, and had in preparation the pleadings for said tax suit, and had contemplated including appellant Foster in said suit as one of the defendants, that Foster went to the said county attorney's office, and, when notified by the said county attorney that he was preparing to file said tax suit and of his intention to include him as a party defendant therein, said Foster stated to said county attorney that he (Foster) did not claim or own any interest in said land, and requested said county attorney not to include him as a defendant in said suit, but would buy said land in at the foreclosure sale if the suit were against the unknown owners; that said county attorney accepted said statement as sufficient reason for not including said Foster as a defendant in said tax suit, but did prosecute said suit against said unknown owners to a final judgment and sale, as alleged. Appellants, by supplemental answer, denied the facts alleged in the supplemental petition, and alleged that they were in actual possession of the land at the time of filing of the tax suit and at the time of the judgment in said tax suit and sale thereunder, that at the time the proceedings in the tax suit were had appellant Foster's title was of record in Haskell county, and that neither of appellants was made parties defendant in the suit or any of the proceedings therein, and for that reason they claim the judgment and sale thereunder were void as to them, and they denied the facts and the sufficiency of them in appellee's plea

---

of estoppel. The case was tried without a jury, and judgment was rendered for appellee on the facts found by the court.

The facts found by the court are substantially as follows: That on the 20th day of April, 1911, the taxes on the property in question had not been paid for the years stated in the petition; that the state, through the county attorney of Haskell county, filed suit in the district court of Haskell county for the taxes due, and for the penalties and costs, and the costs of suit, against the unknown owners, perfected service of citation by publication, and on the 2d day of December, 1911, obtained judgment against the unknown owners of the property for the amounts due for taxes, penalties, and costs a foreclosure of state's lien against the land; that on the 19th day of January, 1912, an order of sale under said judgment was duly issued and a sale regularly and duly made of said land to Bruce W. Bryant for and in consideration of his bid, and a deed made to him by the sheriff of that county, on the payment of his bid, being the amount of said taxes, interest, penalties, and all costs then due; that by proper deed, Bruce W. Bryant conveyed the property in controversy to appellee; that the land in controversy was patented on the 15th day of December, 1858, to Wm. Strode, his heirs and assigns; that neither of the appellants in this suit was ever cited or named as defendants in the tax suit; that when the county attorney of Haskell county was preparing to institute the tax suit and was preparing his petition and exhibits to be filed in that suit he had then named appellant Foster as one of the defendants therein, and so wrote his name on an exhibit then in preparation, and intended to file his suit as then prepared, and that while the suit was in that state of preparation, and a short time before the suit was filed, appellant Foster called at the office of the said county attorney, and on being informed by the said county attorney of his intent and purpose in filing said suit as then prepared and to include him (Foster) as one of the defendants in said suit, said Foster then said to the said county attorney that he (Foster) did not have any interest in the said lands, and requested the county attorney not to include him as a defendant in the suit, but to sue simply the unknown owners, and that he (Foster) would buy in the land at the sale under the judgment to be obtained in said suit; that the county attorney relied upon the statements of appellant Foster so made, abandoned his purpose of including Foster as a defendant, and sued only the unknown owners as defendants; that both appellants knew of said suit and said judgment before said property was sold at the tax sale; that neither of the appellants at any time have occupied or had possession themselves or by tenant of the land or any part of it, claiming for themselves or either of them, and that neither they nor either of them, for himself or themselves, paid any taxes upon said lands

except for the year 1914; that certain parties claiming to be the heirs of Hiram Riggs, deceased, did execute and deliver to appellant Foster and Delmas Givens a power of attorney in which they were named as attorneys in fact for said parties representing themselves to be the heirs of Hiram Riggs, deceased, and in which power of attorney said parties authorized said Foster and Givens to sue for and reduce to possession certain lands, including the land in controversy, and in said power of attorney conveying to them in consideration of their said services one-half of said tract of land, three-fourths of one-half to Foster, and one-fourth of one-half to Givens, which instrument was duly acknowledged and recorded in Haskell county in 1888; that appellant Woods is a tenant in possession of said land for the heirs of Hiram Riggs, deceased; that the evidence is insufficient to show the time when the heirs of Hiram Riggs went into possession of said land, and is insufficient to show ten years' possession prior to the filing of the tax suit; that the possession of said land consisted of its being inclosed in a pasture with 5,136 acres; that its inclosure with said other lands in a pasture is the only character of possession had or claimed by the heirs of Hiram Riggs or their tenants prior to the filing of the tax suit, except for about one or two years that the taxes on said land were paid by the heirs of Hiram Riggs for the years 1906, 1907, 1908, and 1909; that the heirs of Hiram Riggs never had at any time any deed to the property recorded in Haskell county; and that the heirs of Hiram Riggs and appellant Woods are mere trespassers on said land.

[1] The first three assignments of error complain of the admission in evidence of the judgment, order of sale and the sheriff's deed in the tax suit, and in their proposition assert that a judgment rendered against an unknown owner in a tax suit foreclosing the lien for taxes is not binding on persons not parties to said suit, and as to such persons is hearsay.

Appellants refer us to Scales v. Wren, 103 Tex. 304, 127 S. W. 164, as sustaining their proposition. We do not so understand that case. The question in that case was not the admissibility of the judgment as evidence in the case, but its legal effect as concluding Wren's title. The Supreme Court in that case simply held that, where Wren held a deed by regular chain of title from the state, his title deeds being duly recorded in the county where the land is situated, stating his residence, the records would have given the county attorney the information that the owner of the land was not unknown; that without making inquiry from the sources of information provided by the law the county attorney made his affidavit that the owner was unknown, and the judgment against the unknown owner would not

conclude Wren's title under such circumstances where he was not a party to the suit. The conclusive effect of the judgment was the point decided under the facts of that case, and not its admissibility as evidence. The judgment, order of sale, and sheriff's deed were not hearsay. The judgment, order of sale, and sheriff's deed in trespass to try title were admissible in evidence against appellants, though not parties thereto, as muniments of title to establish the fact that the grantee had acquired the title of the unknown owner. Ellis et al. v. Le Bow et al., 96 Tex. 532, 74 S. W. 528. It seems to us that the effect of the judgment, order of sale, and sheriff's deed in the tax suit, as concluding the appellant's title, would depend upon the question presented in the Scales v. Wren Case: Did the court have the proper parties? The question is presented and determined under other assignments. The assignments are overruled. Appellee offered in evidence the certified copies of the application for administration on the estate of Hiram Riggs, and other proceedings in the administration of the estate, including the order of the probate court directing the sale of the land certificate, by virtue of which the land in controversy was sold on a credit of 12 months' time to P. N. Luckett, and the sale approved by the court, to all of which appellants objected on the ground of immateriality, irrelevancy, no evidence that any conveyance was ever made in pursuance of the order of sale, or that the purchaser ever complied with his bid. The overruling of the objection is made the basis of the fourth assignment.

On the trial the appellants introduced in evidence the power of attorney referred to in the finding of facts filed by the court. In rebuttal, and as a circumstance to show that the heirs of Hiram Riggs never had any interest in the land certificate and never owned the same, the certified copies of the orders and proceedings of the probate court were offered. The certificate itself reads as follows:

"No. 337. This is to certify that Hiram Riggs, attorney for Wm. Strode, has appeared before us, the board of land commissioners for the county of Brazoria, and proved according to law that said Strode arrived in the county previous to 2d day of May, 1845, and that he is a married man and entitled to an augmentation of one labor of land upon condition," etc.

The date of the certificate is 15th day of February, 1838, the order of the court confirming the sale of the land certificate to Luckett was in January, 1857, and the patent to the land located on the augmentation certificate was issued to Wm. Strode, his heirs or assigns, in December, 1858. There is no transfer in the record from Strode or his heirs to Hiram Riggs or his heirs.

[2] The assignment raises the question of the admissibility as evidence of the certified copies of probate proceedings. Article 3694,

R. S. 1911, makes the certified copies of the records of all public officers and courts of this state admissible as evidence in all cases where the records themselves would be admissible. The certificate being personal property, it seems to us that no formal transfer of the certificate would be necessary other than its delivery to the purchaser. We think the admissibility of the certified copies of the orders of the probate court in the matters of the administration of the estate of Hiram Riggs is not error, and especially would this be true, as the copies of the proceedings of the probate court were offered in rebuttal of appellant's claim of title under the power of attorney from persons claiming to be heirs of Hiram Riggs. Appellee was not by the probate proceedings seeking to show ownership in herself under the Hiram Riggs' claim of title.

[3, 4] Assignments fifth, sixth, seventh, eighth, and ninth complain of the findings of the trial court on the possession of the land by appellant as not sustaining their pleas of limitation and as being mere trespassers on the land. These assignments cannot be sustained. The proof is quite clear that neither of the appellants was in possession of the land in controversy, claiming it for themselves, but whatever possession they had of the land in controversy was for the heirs of Hiram Riggs. But suppose that it could be said that their possession of the land was complete before the institution of this suit, and that by their possession for the prescribed period they, for the heirs of Hiram Riggs or for themselves, had acquired the title as against the unknown owner; the proposition would then be the same as stated and held by the Court of Civil Appeals in Patten v. Minor, 117 S. W. 920, based on the case of Jordan v. Higgins, 63 Tex. 150, that because the unknown owner could not have recovered against them because of their possession, the purchaser of the property at a tax sale made by the state for taxes cannot recover of them. But the Supreme Court in Patton v. Minor, 103 Tex. 176, 125 S. W. 6, reversed the Court of Civil Appeals, and distinguished the Jordan v. Higgins Case. Unless their title by limitation had become fully perfected before the bringing of the tax suit, they were not necessary parties to the tax suit, under their claim of title by limitation, and the judgment in the tax suit would bind them as well as all other persons, although not served with notice. But appellants claim title in themselves by reason of their possession. They do not claim title in the heirs of Hiram Riggs by reason of their possession for the heirs of Hiram Riggs. Appellant Woods testified that he went into possession and held under appellant Foster; that Foster told him that he was acting for the heirs of Hiram Riggs; that he had the use of the land for the payment of the taxes, and that he paid the taxes for the time he was in pos-

session for and in the name of the heirs of Hiram Riggs; that he paid the taxes on the rendition made by Foster as agent for the heirs of Hiram Riggs. Certainly there was nothing in the possession of the land by appellants for the heirs of Hiram Riggs, nor in the offices of the assessor or collector of taxes, that would notify the county attorney of ownership of the land in appellants. The only intimation of ownership of any interest in appellants in the land found in the records in the county clerk's office is in the record of the power of attorney from the heirs of Hiram Riggs to Foster and Givens. If it could be said that this record is sufficient to notify the county attorney of ownership of any interest in Foster, we think the evidence and the finding of the facts by the trial court sufficient to estop Foster from now asserting such ownership under appellee's plea of estoppel. Love v. Barber, 17 Tex. 312; Williams v. Chandler, 25 Tex. 4; Scoby v. Sweatt, 28 Tex. 713; Page v. Arnim, 29 Tex. 54. Appellant Woods certainly had no title, and his possession was as tenant under Foster as agent for the heirs of Hiram Riggs.

We are of the opinion that the trial court was not in error in his conclusions of law under the facts found, and the judgment entered was the only judgment that could properly have been rendered.

The case is affirmed.