## ABRAMSON v. SULLIVAN.

### No. 8398.

Court of Civil Appeals of Texas. Austin.

Feb. 24, 1937.

Rehearing Denied March 17, 1937.

W. A. Johnson and I. J. Curtsinger, both of San Angelo, for appellant.

Anderson & Jones, of San Angelo, for appellee.

BLAIR, Justice.

Appellant M. Abramson sued appellee W. J. Sullivan in trespass to try title to recover a 19.8-acre tract of land in Tom Green county, Tex. Appellee asserted title to the land under the ten-year statute of limitation (Vernon's Ann.Civ.St. art. 5510). The jury's finding sustained the plea of title by limitation, and judgment was accordingly rendered for appellee; hence this appeal.

Appellant deraigned his title as follows: The 19.8-acre tract was patented by the State to L. L. Farr, in 1892, as the Ann Morrison survey. Farr conveyed the land to Charles F. Porter, Jerome W. Pierce, and Frank B. Pierce, in December, 1892. On August 11, 1926, the State sued the three last-named record owners to foreclose a tax lien on the land, citing them by publication. The judgment foreclosed the tax lien and property was sold by the sheriff to appellant, who received the sheriff's deed thereto December 7, 1926. Upon such claim of title, appellant filed this suit in 1933, which resulted as above stated.

The trial court correctly held that the judgment against the nonresident owners of the land cited by publication bound appellee, unless he had perfected his title by limitation prior to the filing of the suit by the State, August 11, 1926. Patton v. Minor, 103 Tex. 176, 125 S.W. 6.

We have reached the conclusion, however, that the evidence failed to establish the title of appellee under the ten-year statute of limitation, for two reasons, as follows:

1. Because the evidence failed to show that appellee or those under whom he claimed were in continuous possession for a period of ten years prior to the time the limitation period was interrupted by the filing of the tax suit by the State, August 11, 1926.

2. Because the evidence failed to establish privity of possession between appellee and those under whom he sought to establish possession for ten years, and particularly the adverse claimants of the land for the years beginning August 11, 1916, to the date of the purchase and possession of the land by W. M. King and wife, in 1920.

On the issue of title under the ten-year statute of limitation, Frank Heath testified that his father purchased certain land in the Holtz survey by deed in 1900, and the next year fenced it, together with the adjoining 19.8-acre Ann Morrison tract in suit. That there was no partition fence between said surveys, but that both of them were fenced, occupied, and used as one tract by his father until 1905, when the land was sold to one Brown as an entirety, and that at the time of this trial the wit-

ness found the two surveys to be fenced and occupied as his father had fenced and occupied them. Brown's possession of the land was not shown. Without naming any particular owner or occupant of the land, another witness, who owned and lived on the adjoining land for more than thirty-five years, testified that "they" occupied and used the Holtz and Morrison tracts as same had been fenced together for more than thirty-two years. Appellee purchased the 19.8-acre Ann Morrison survey from W. M. King and wife in November, 1928, by quitclaim deed, and immediately took possession thereof. The Kings were shown to have purchased 160 acres out of the Holtz survey from one Wright, by deed dated in 1920, and they claimed the Ann Morrison survey as a part of that conveyance. Mrs. King testified that of her own knowledge the two surveys had been fenced, occupied, and used as one tract since 1910. She further testified that she and her husband occupied and used the entire fenced tract as one entire tract during 1918 and 1919, and continued to live on and use the fenced land as one tract after they had purchased it in 1920 until they sold it to appellee in 1928. The evidence, however, did not show the character of occupancy of the Kings in 1918 and 1919, or whether they were tenants of Wright; nor did it show when Wright purchased the land. Witness J. T. Mathison testified that he occupied the land either in 1918 or 1919, or both years, but whether for himself or as tenant for someone else was not shown. He testified that Mr. Wright's son-in-law occupied the land the year preceding his occupancy, but whether as tenant or otherwise was not shown. This evidence merely showed that J. T. Mathison and the Kings claimed to have occupied the land in suit for the years 1918 and 1919, and that a son-in-law of Wright's occupied it for a year preceding Mathison's occupancy. At most this evidence only showed possession from 1917 to August 11, 1926, when the tax suit was filed, which was less than ten years prior to the filing of the tax suit. The evidence also failed to show any privity of possession between appellee and those in possession of the land prior to 1920, when the Kings purchased the entire tract as a part of the Holtz survey and as the same had been fenced, occupied, and used under claim of purchase by the Kings from Wright. It is true that Mrs. King testified that she and her husband purchased the tract of land in suit from Wright, as a part of the land conveyed by the deed from Wright in 1920, which described the 160 acres out of the Holtz survey, and with which the tract in suit had been fenced, occupied, and used as a part thereof for many years. But the evidence failed to show when Wright purchased or occupied the entire tract; nor did it show whether the Kings, Mathison, and Wright's son-in-law occupied the land prior to 1920 as the tenants of Wright. To establish title under the ten-year statute of limitation to the 19.8-acre tract in suit, it was necessary for appellee to show that each adverse claimant treated the entire tract inclosed by the fence as a unit; that it was transferred to each successor, and the possession of it as such passed from one owner to another until it came into the possession of the owner claiming advantage of the adverse possession of his predecessors, in order to show privity of possession of the several claimants. Such are the requirements of article 5516, R.S.1925, which provide that "peaceable and adverse possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them."

■ If possession is claimed under a deed, it is not necessary for the deed to describe all the land; nor was it essential that there be any deed at all for the perfecting of title under the ten-year statute of limitation; but there must be actual transfer of the adverse possession of each successive claimant in order to establish privity where the land is not included in a deed, but where, as in this case, each adverse claimant treated the entire tract, that described in the deed and that inclosed and used as a part thereof, as a unit. McAnally v. Texas Co., 124 Tex. 196, 205–208, 76 S.W.(2d) 997, 1002, wherein the court quoted with approval the rules of proof or evidence necessary to establish title under the ten-year statute of limitation, as announced by the authorities cited, as follows:

" 'So in the present case we think it immaterial that some of the conveyances through which some of the parties claim fail to accurately describe the land in controversy, provided it appears, as here, that the several grantees therein, by reason thereof, claimed and exercised acts of ownership over the land, and that the assumption of this right is referable to such transfers. Indeed, if there had been no con-

veyances whatever and the respective parties through whom appellees claim had verbally sold their claim and their respective vendees had gone into possession by reason thereof, holding the same for the necessary period, it would be sufficient.' Moran v. Moseley (Tex.Civ.App.) 164 S. W. 1093, 1094.

" 'Again, it is immaterial that conveyances between the different occupants fail accurately to describe the disputed tract, the evidence showing that the several grantees claimed and exercised acts of ownership over the land, assuming to do so by virtue of the transfers. Indeed, under the ten years' statute, no written instrument of conveyance is essential to the tacking of the periods of possession of different persons; a verbal sale suffices.' 2 Texas Jurisprudence, p. 171, § 90.

"See, also 1 Ruling Case Law, pp. 717–720, §§ 31–33; Note, 46 A.L.R. 795–799; Bateman v. Jackson (Tex.Civ.App.) 45 S. W. 224; Howind v. Scheben, 233 Ky. 139, 25 S.W.(2d) 57."

Under the rules quoted and where the parties claimed the land as a part of the land conveyed by the deeds, such deeds are admissible to show the time each adverse claimant purchased the land. Of course, the actual possession of the land could not be shown by the deed, but must be shown by the evidence. McAnally v. Texas Co., supra.

Appellee contends, however, that the judgment foreclosing the tax lien was void on the grounds: (1) That the tax assessor failed to perform certain statutory duties in assessing the property for taxes; (2) that some of the taxes sued for could not be collected and were not a lien against the land; (3) that the citation was not issued and returned as required by law; that no written statement of the evidence adduced on the hearing of the tax suit was filed, as required by articles 2158 and 7342, R.S.1925; (4) that neither appellee nor his predecessors in title who were in open and visible possession at the time the tax suit was filed, were served with citation and did not know of such suit until this suit was filed in 1933. Conceding that the evidence established each of the grounds of defense to the tax suit, neither of them would render the judgment void, but merely voidable, because they were essentially matters of procedure, and the judgment not being void is not subject to collateral attack in this suit. See 25 Tex.Jur. 805,

§ 307, and cases there cited, and particularly Patton v. Minor, 103 Tex. 176, 125 S.W. 6, and McLane v. Kirby & Smith, 54 Tex. Civ.App. 113, 116 S.W. 118.

The record clearly shows that the case was not fully developed with regard to either the continuous possession or the privity of possession of the several adverse claimants for ten years, and the cause will be reversed and remanded for another trial. Dunn v. Taylor, 102 Tex. 80, 113 S.W. 265.

Reversed and remanded.