Arthur SCRUGGS et ux., Appellants,

v.

Joe C. TRONCALLI, Appellee.

No. 3505.

Court of Civil Appeals of Texas.

Waco.

Nov. 14, 1957.

Rehearing Denied Dec. 5, 1957.

Buck C. Miller, Houston, for appellants.

Carl & Lee, P. C. Del Barto, Houston, for appellee.

TIREY, Justice.

Appellee brought this action in the form of suit in trespass to try title. The court granted appellee's motion for instructed verdict and defendants Arthur Scruggs and wife, Alvilda, perfected their appeal to the Galveston Court of Civil Appeals and the cause is here on transfer order of our Supreme Court. The defendants cited by publication did not appeal.

The decree is assailed on six points. They are substantially: The court erred (1) in failing to render judgment for appellants for the title and possession of the land in question because the undisputed evidence shows that defendant Arthur Scruggs, or his brother for him, held peaceable and adverse possession of the land for a greater period than ten years before the commencement of the tax suit on July 30, 1948; (2) in failing to render judgment for defendant Scruggs for the land in suit because the undisputed evidence shows that such defendant was in actual possession of the land at the time the amended petition was filed on July 30, 1948 for taxes by W.

K. Richardson and had been for a period of more than ten years and thus was a necessary party to the tax suit because the tax authorities were charged with knowledge of Scruggs' possession as a matter of law and he was not an unknown owner of the property and therefore not bound by the tax suit; (3) if Scruggs' right to recover judgment is not established as a matter of law, then the court erred in withdrawing the case from the jury because the pleadings and the evidence clearly tendered a question of fact as to whether or not defendant Arthur Scruggs, or his brother for him, held peaceable and adverse possession of the land for a period of ten years before the commencement of the tax suit on July 30, 1948; and a special issue should have been submitted to the jury thereon; (4) if appellants' possession of the property was not established as a matter of law at the time the tax suit was filed, then the court erred in withdrawing the case from the jury because the pleadings and the evidence clearly tendered a question of fact as to whether or not W. K. Richardson, the Assistant State Attorney, before the filing of the tax proceedings, exercised due diligence to ascertain the owner of the property in controversy, and a special issue should have been submitted to the jury thereon; (5) because the court erred in refusing to permit the appellant to offer evidence showing that he claimed the ownership of the land involved in this controversy; (6) because the court erred in refusing to permit Buck C. Miller, a witness for appellant, to testify to facts that would constitute due diligence dealing with a party in possession of real estate and the necessity of contacting the party in possession of the real estate to determine the nature of his interest, if any.

A statement is necessary.

Appellee went to trial on his original petition. He obtained personal service on defendants Arthur Scruggs and his wife, and obtained service by publication on defendant D. L. Campbell, whose residence is unknown, and, if deceased, the heirs and the unknown heirs of D. L. Campbell, deceased, the unknown spouse or spouses of D. L. Campbell, deceased, and he sought to recover title to Lots 1 and 2 in Block "C" of the town of Jeanetta, a subdivision in the Stafford Smith Survey, Abstract No. 1049 in Harris County, Texas, according to the map of same of record in the office of the County Clerk of Harris County, Texas. Appellee's original petition is in the approved form for bringing suits in trespass to try title. See Rules 783 and 809, Texas Rules of Civil Procedure.

Defendants Scruggs and wife went to trial on their second amended original answer, and pertinent to this discussion they entered plea of not guilty and plead that they had had title by virtue of the ten year statute of limitation and also plead the two year statute of limitation, Vernon's Ann.Civ.St. arts. 5510, 5526. They specially plead that W. K. Richardson, Assistant State Attorney, filed suit on July 30, 1948, in behalf of the State of Texas, against D. L. Campbell and others and caused citation by publication to be issued and served against D. L. Campbell for the purpose of bringing him before the court to answer in such suit, which was filed for the purpose of collecting delinquent ·taxes, penalty and interest in the amount of $125.96 against the property for the years 1927 to 1947; that defendants Scruggs were never made parties to said suit and were never served with any kind or character of citation. They further alleged that at that time they were in actual possession of the land and that the State's Attorney Richardson did not go to the land to inquire into or ascertain the rights and interests of these defendants who were in possession of the property. They further alleged that such State Attorney failed to exercise due diligence to ascertain the owners of the property before filing the tax suit on which the plaintiff bases his claim to the land; that defendant Scruggs' ownership of the land was known or could have been known to the State's Attorney at the time of the institution of suit by the exercise of reasonable

diligence and failure to exercise due diligence to ascertain the true owners voids the tax proceedings and the sale thereunder because the true owners of the land were not in fact cited to appear and were not before the court for adjudication. They further plead that on the 23rd of February 1949 judgment was rendered in said suit foreclosing tax lien on the property; that on the 30th of May 1949 order of sale was issued, and on the first Tuesday in August 1949 sale was conducted by the Sheriff of Harris County, wherein said lots were sold to Joe J. Troncalli for $260.00, and thereafter a tax deed to said property was executed and delivered by the Sheriff to the said Troncalli, such deed being dated August 5, 1949, and being recorded in Vol. 1961, page 123 of the Deed Records of Harris County, Texas. Defendants then tendered into the registry of the court a sufficient sum to pay all delinquent taxes, penalty and interest due against the property, together with all fees due the County Attorney, District Clerk and Sheriff in the delinquent tax proceedings. They prayed that the defendant be cited to appear and answer this proceeding and that the judgment in the tax suit aforesaid, as well as order of sale thereon and the sale thereon and the Sheriff's deed issued thereon be declared null and void as to the defendants Scruggs and that they have judgment for title and possession of the property.

Thereafter, on March 12, 1957, the court permitted Troncalli to file trial amendment and in this amendment he alleged that defendant Scruggs was in the armed services of the United States from August 1942 to November 1945, or for a period of at least three years and two months; and that during said period the statute of limitation was suspended with respect to the rights of plaintiff herein and his predecessors in title against defendant Scruggs by virtue of Title 50 U.S.C.A. Appendix, § 525, 54 Stat. 1181, and plaintiff pleaded in bar the foregoing provisions of the federal statute as a defense to the limitation title asserted by defendant.

In appellee's brief we find substantially this statement: In the trial court plaintiff deraigned title from the sovereign into D. L. Campbell and then in order to deraign title from Campbell introduced in evidence the judgment, execution and order of sale, and return thereon in the tax suit heretofore referred to, styled the State of Texas et al. vs. D. L. Campbell et al., and then the Sheriff's deed, which in effect showed a good record title in the plaintiff, and then rested his case. The defendant Scruggs then offered testimony for the purpose of showing that he had title to the property under the ten year statute of limitation prior to the institution of the tax suit, and in order to establish this fact introduced testimony to the effect that he had gone into possession of the property in 1936 and had remained continuously in possession, in person and through his agents, until after July 30, 1948, the date he contended the tax suit was effectively instituted, and in the course of this testimony Scruggs testified to the effect that he was in the armed forces of the United States for over three years of this period, and then he rested his case. When the foregoing testimony came in as to his military service, plaintiff sought and obtained leave to file a trial amendment, in which he specifically pleaded Sec. 525, Title 50 U.S.C.A. Appendix, and prior to offering any rebuttal evidence made his motion for instructed verdict, which was sustained, and judgment was entered accordingly.

The decree entered shows that the court appointed Russell A. Wolters, attorney ad litem, to represent defendants cited by publication, but the transcript fails to show any pleading filed by this attorney, nor, does it show any testimony tendered by him; however, the attorney ad litem did not appeal from the decree entered by the trial court, and the court awarded the attorney ad litem the sum of $100 for his services and taxed it as costs.

It is the position of the appellee here that the tax judgment, under all of the testimony and under all of the undisputed sur-

rounding facts and circumstances, was a valid and binding judgment on defendant because defendant had not matured title by limitation prior to the institution of the tax suit; that the trial court correctly instructed a verdict against Scruggs because the three years defendant admittedly was in the armed services must be deducted from his claim of adverse possession; that defendant Scruggs cannot collaterally attack the judgment in a tax suit in an independent suit for title to the land; and that the tax judgment was in all respects valid and binding upon defendant because he had not matured title by limitation prior to the institution of the tax suit.

We think it appears from the record that this suit before us was instituted on April 8, 1955; that plaintiff, appellee here, acquired title by virtue of a tax judgment in the District Court of Harris County, Texas, in Cause No. 186512, execution and order of sale thereon, and by sale and return as shown in the Sheriff's deed, and further that the judgment in the tax suit was rendered on amended petition filed July 30, 1948, and, according to defendant's own testimony, he first fenced the property and took possession of it in November or December 1936, and he went into the army in August 1942 and was discharged from the service in November 1945. It appears from this record that from the time defendant first claims to have fenced and taken possession of the property in November 1936 until the filing of the amended petition in the tax suit on July 30, 1948, was at most eleven years and nine months, and during that period of time defendant was in the army at least three years and two months.

Going back to the undisputed factual situation, we find that since the suit here before us was instituted against defendant on April 8, 1955, and since it appears that the amended pleading in the tax suit was filed on July 30, 1948, there could have been no ten years' adverse possession after the institution of the proceedings in the tax suit. It follows that if defendant tendered an issue of fact as to limitation in this

cause, it was necessary that he establish ten years' adverse possession prior to July 30, 1948. This we think he wholly failed to do. We say this because the testimony of defendant was that he had no possession prior to November 1, 1936, and the total elapsed time before July 30, 1948 (the filing of the tax suit) would be only eleven years and nine months. During that period of time defendant was in the armed services at least three years and two months, leaving a net period of eight years and seven months.

We think the factual situation here before us is controlled by the decision of our Supreme Court in Patton v. Minor, 103 Tex. 176, 125 S.W. 6, 7. As we understand the rule announced by our Supreme Court in the above case, it is to the effect that defendant Scruggs was bound by the tax judgment here referred to unless he had perfected his title by limitation prior to the filing of the suit by the State for the delinquent taxes. In the Supreme Court's opinion we find this significant language: "The trial court and the honorable Court of Civil Appeals held that, because the unknown owner of the property in question could not have recovered against the defendants in this suit, therefore the purchaser of the property at a sale made by the state for taxes cannot recover of the possessor of the said property in whose favor a period of 10 years' occupancy had expired prior to the institution of this suit. We are of opinion that the courts erred in that holding. * * * The defendants in error had no title at the institution of this suit, (that is exactly the position that Scruggs is in here) and therefore were not proper parties thereto; but the judgment bound them, as well as all other persons, although not served with notice. Article 5232o, Rev.Civ.St. There is no advantage to them from being in possession. The fallacy in the decision of the trial court is the holding that, because defendants were holding adversely to the real owner, therefore the state could not pass to a purchaser at a tax sale superior title to that of the

owner. In one sense this is correct, but in its application to the facts of this case it is not correct."

In the case of Abramson v. Sullivan, Tex. Civ.App., 103 S.W.2d 229, 230 (no writ history), appellant claimed under the ten year statute of limitations against the record owners. The suit to foreclose was filed on August 11, 1926. The court, in disposing of the case, said: "The trial court correctly held that the judgment against the nonresident owners of the land cited by publication bound appellee, unless he had perfected his title by limitation prior to the filing of the suit by the State, August 11, 1926," citing Patton v. Minor, supra.

In the case of Warnecke v. Broad, 138 Tex. 631, 161 S.W.2d 453, point 2 on page 455, we find substantially this statement: "The rule has long prevailed in this State that statutes of limitation begin to run only from the time that the right of action accrues," citing a long list of cases. Needless to say, the application of this rule under the undisputed factual situation precludes appellant from any relief.

■ But appellants contend that the provisions of Title 50 U.S.C.A. Appendix, § 525, Acts Oct. 17, 1940, c. 888, sec. 205, 54 Stat. 1181, is not available to the appellee. We are not in accord with this view. The pertinent part of the statute here applicable is: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, * * * for the bringing of any action or proceeding in any court, * * * by or against any person in military service, or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accured prior to or during the period of such service * * *." We think the foregoing provision is clear and is wholly without ambiguity. It is true that we find no test case where the Soldiers and Sailors Civil Relief Act has been invoked against the serviceman; however, this court in

Easterling v. Murphey, Tex.Civ.App., 1928, 11 S.W.2d 329 (writ ref.) held that such act was constitutional and binding on state courts. See also First Nat. Bank of Hico v. English, Tex.Civ.App., 240 S.W.2d 503, citing a long list of cases, and Morton v. Morton, Tex.Civ.App., 286 S.W.2d 702 (no writ history). It is our view that the position of appellants is in conflict with the clear language of the statute and that their contention is also contrary to the weight of authority. See Warinner v. Nugent, 362 Mo. 233, 240 S.W.2d 941, 26 A.L.R.2d 278. In 26 A.L.R.2d 286, at page 287; we find this annotation: "Despite the unambiguous nature of the words 'by or against,' the contention has been made that the general purpose of the Civil Relief Act to benefit servicemen required that limitations should not be suspended as to actions against the man in service so as to benefit his opponent. However, the courts have uniformly rejected the argument." Appellant places some emphasis on the case of Bellini v. Great American Indemnity Co., 299 N.Y. 399, 87 N.E.2d 426. We think this case holds that the act is not applicable to an action to which the serviceman is not a party and therefore does not support defendant's view that it may not be invoked against the serviceman. As we understand the decision, is does expressly state that it is applicable to toll limitations in actions in which the person in military service was either plaintiff or defendant.

■ As we understand the doctrine announced by our Supreme Court in Patton v. Minor, supra, there is no advantage to defendant Scruggs by being in possession when the tax suit was filed, because he had no title at the time of the institution of such suit and he was not a proper party to such suit. In Thompson v. Moor, Tex. Civ.App., 4 S.W.2d 117, reversed on other grounds, Tex.Com.App., 14 S.W.2d 803, it was held that a tax suit will not lie against the possessory claim of one having no title to the land unless the court also has before

it the proper party against whom the tax lien would lie.

Finally, as we understand appellant, he recognizes the rule that it is elementary that the tax judgment here cannot be collaterally attacked. Such being the rule and since appellant has failed to bring himself in the classification of an owner not joined as a party to the tax suit, he has no standing in court to complain of the diligence or lack of diligence used in obtaining the citation because the judgment is in all respects regular on its face, and in this instance appellant is precluded thereby.

It follows from what we have said that each of appellants' points is without merit and each is overruled.

Accordingly, the judgment of the trial court is in all things affirmed.