## W. O. DAVIS v. W. H. DIXON ET AL.

(Case No. 4560.)

1. LIMITATION.— The statute which stops the running of limitation against a cause of action in favor of one who has died until twelve months after his death, unless, etc., proceeds on the assumption that there is no one *in esse* capable of bringing suit; hence, when the deceased before his death transferred a note in blank, suit on which was begun by the assignee more than four years after its maturity, limitation applies and bars the collection of the note.

APPEAL from Cooke. Tried below before D. E. Bassett, Esq., special judge.

The suit was begun December 15, 1880, on two notes executed by appellee, W. H. Dixon, to R. W. Allison, August 23, 1875, both payable six months after date, one to Allison or bearer, the other to Allison alone. It was alleged in the original petition that Allison indorsed the notes in blank and delivered them to appellant; but that appellant only thereby became the legal owner of the notes, the beneficial ownership remaining in Allison, who, it was alleged, died September 1, 1878, and that no administration had been had on his estate; that his widow and heirs became the equitable own-

ers of the notes at his death, and that the suit was brought for their benefit. It was alleged that the notes were given for the purchase money of land described in the petition for which Allison had made a deed to appellee, W. H. Dixon, the maker of the notes, and the purchaser of the land from Allison, no lien being reserved in the deed. The other appellees were purchasers from W. H. Dixon with notice, etc. A foreclosure of the vendor's lien was prayed for.

On February 28, 1882, the appellees filed their original answer as follows:

1. General demurrer.

2. Special exception that the notes matured more than four years before suit begun and were therefore barred, etc.

3. That it appeared from the petition that appellant was not the legal owner of the notes.

4. The general denial.

5. Plea of four years' limitation.

6. Plea that appellant was not the legal owner of the notes, and that the widow and heirs of Allison were not the equitable owners, because about the time the notes were made, Allison, for a valuable consideration to him paid by one J. V. Atkinson, sold, indorsed and delivered the notes to Atkinson, whereby they became and were still the property of Atkinson, and if Allison ever had possession of the notes afterwards, he obtained it by fraud, deception or theft.

7. That one of the notes had been paid by the maker, Dixon.

8. That Allison sold personal property to W. H. Dixon at the same time he sold him the land; that the land and personal property were sold together, and the note not paid was given for the purchase money of both land and personal property.

9. Plea of failure of consideration by reason of misrepresentation as to the boundaries of the land and shortage in the land.

Appellant in his first supplemental petition alleged that the matters set up in appellant's answer were untrue, and, by way of reply to the plea of limitation, that Allison died November 13, 1876, and was then the owner of the notes; that there had been no administration on his estate, and that the suit was for the benefit of his widow and heirs; and by way of reply to the plea of title to the notes in Atkinson, facts were alleged to show title in the widow and heirs of Allison to the notes by virtue of the two and four years' statutes of limitation; and by way of reply to the plea of failure of consideration, facts were alleged to show that if the appellees did not get all the land W. H. Dixon bargained for, they had ac-

quired title to all by virtue of the five and ten years' statutes of limitation.

On March 2, 1882, the appellees filed their first supplemental answer and demurred generally to the supplemental petition, and specially as follows:

1. That the matter set up in reply to the plea of limitation constituted no answer to it.

2. That it appeared the widow and heirs of Allison were the owners of the notes, and more than four years had expired since the accrual of their cause of action and before suit begun, and before the filing of the supplemental petition. . . .

5. That the matter in reply to the plea of failure of consideration constituted no answer to that plea,— the widow and heirs of Allison were not made parties, neither were their names and places of residence given, neither was it stated where Allison died.

The general demurrers were overruled, as also the second special exception to the original petition, but all the other special exceptions, both to the original and supplemental petition, were sustained, and, the appellant having declined to amend, his petition was dismissed.

*W. O. Davis,* for himself, cited: Allen *v.* Pannell, 51 Tex., 165; Wimbish *v.* Holt, 26 Tex., 673; Claiborne *v.* Yoeman, 15 Tex., 44; R. S., 3217, 262 and 266; Knight *v.* Holloman, 6 Tex., 160; and Miller *v.* Henry, 54 Ala., 120.

*Woods, Wilkins & Cunningham,* for appellees, cited: R. S., 3217; Butler *v.* Robertson, 11 Tex., 142; Angell on Lim., secs. 54, 55; Couch *v.* Couch, 9 B. Mon., 160; Perry on Trusts, 858, 859; Fleming *v.* Gilmer, 35 Ala., 62; Bryan *v.* Weems, 29 Ala., 423; Goss *v.* Singleton, 2 Head, 67; Durst *v.* Swift, 11 Tex., 273; Ross *v.* Smith, 19 Tex., 173; and Merlin *v.* Manning, 2 Tex., 351.

DELANY, J. COM. APP.— The only question to be determined in this case is whether the statute of limitations was suspended by the death of R. W. Allison. The notes were executed in August, 1875. They became due in February, 1876. They were transferred to the plaintiff Davis in July, 1876, and Allison died in September, 1878.

Our statute provides that "In case of the death of any person in whose favor there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's

·estate; then and in that case the said law of limitation shall only cease to run until such qualification."

The courts, both of England and America, in construing the statute of limitations of January 1st, have generally held that when a right of action accrued to a party after one's death, limitation would not commence to run until administration was taken out upon his estate. Indeed, they considered the words "cause of action" as implying that there was some person *in esse* capable of bringing suit. But they uniformly held that if the party were living when the right of action accrued, his subsequent death would not stop the running of the statute. See Angell on Lim., ch. 7.

In this state the terms of limitation in some cases are very short, and the ruling of the courts might in such cases work serious hardship. Hence the propriety of the statute, which provides that in ·case of the death of the party the statute "shall cease to run" for a specified time.

But the whole doctrine of suspending the running of the statute proceeds upon the hypothesis that there is no one *in esse* capable of bringing suit,— the courts having followed the maxim of the civil law, "*Contra non valentum agere, non currit prescriptio.*" It will not apply to a case where there is some one *in esse* who can bring the suit.

In this case a cause of action accrued to the plaintiff when the notes were transferred to him, and it was not taken from him by the death of Allison. Without discussing the subject, we conclude that the judgment should be affirmed.

AFFIRMED.

[Opinion adopted April 29, 1884.]