## CARROLL et al. v. EDMONDSON.
### No. 1480-5736.

Commission of Appeals of Texas, Section A.
July 22, 1931.

O. K. Shannon, Slay & Simon, Cecil Rotsch, and E. E. Sanders, all of Fort Worth, for plaintiffs in error.

Charles T. Rowland, of Fort Worth, for defendant in error.

CRITZ, J.

The opinion of the Court of Civil Appeals, 28 S.W.(2d) 250, makes a very clear and comprehensive statement of the facts and issues of this case, and in the interest of brevity we here adopt such statement. We, however, make the following abridged statement in order that this opinion may be complete within itself.

One W. T. Pittman was the owner of four lots of land in the city of Waxahachie, Ellis county, Tex., on which was situated a two-story brick business house, and in this house was located an elevator so constructed and installed in the building as to constitute it a part of the realty. Ralph Carroll, the plaintiff in error, held notes aggregating, exclusive of interest and attorney's fees, the sum of $10,000, secured by deed of trust liens against the above premises and improvements. The above notes were defaulted on, and Carroll filed suit against Pittman and several other parties to recover a personal judgment on his notes, and foreclose his liens on the mortgaged premises and improvements. This suit was prosecuted to final judgment, the property sold under order of sale, and bought in by Carroll for $249.80, leaving more than $11,000 unpaid on the debt.

Prior to the filing of the above foreclosure suit, H. Edmondson, the defendant in error here, purchased from Pittman the elevator above mentioned, removed same from the building, and appropriated it to his own use. Also, the sale of the elevator to Edmondson was made without the knowledge or consent of Carroll, and none of the consideration paid therefor was received by him. Edmondson was never made a party to the foreclosure suit.

Subsequent to the judgment of foreclosure, but prior to the sale under the order of sale issued thereon, the present suit was instituted in the district court of Tarrant county, Tex., by Carroll against Pittman and Edmondson. The trial was had on amended and supplemental petitions, which sought recovery from Edmondson for the value of the elevator. Under these pleadings, the facts above stated were fully pleaded.

The case was tried in the district court with a jury. In answer to a question submitting that issue, the jury found the elevator was worth $1,250 on the date it was removed from the building. Based on such answer, the district court rendered judgment in favor of Carroll and against Edmondson for $1,250, and also rendered judgment for Edmondson

over against Carroll for a like amount. Edmondson appealed from the above judgment to the Court of Civil Appeals for the Second district at Fort Worth, which court reversed the judgment of the district court and remanded the cause for a new trial. The case is in the Supreme Court on writ of error granted on application of Carroll.

On the trial of the case in the district court, the defendant, Edmondson, offered testimony to the effect that the market value of the lots with the improvements thereon, after the elevator had been removed therefrom, was $20,000. That testimony was excluded upon objections of the plaintiff, Carroll.

The Court of Civil Appeals held that the exclusion of the above testimony was error, and this holding is assigned as error here.

We are of the opinion that the trial court erred in refusing to admit the above testimony, and that the Court of Civil Appeals was correct in so holding.

It is the law of this state that a mortgagee of land is not the owner thereof, nor is he entitled to possession. A mortgage of real property is not regarded as a common-law conveyance on condition, but merely as security for debt, the legal estate existing only for that purpose. Carey v. Starr, 93 Tex. 508, 56 S. W. 324; Schalk v. Kingsley, 42 N. J. Law, 32. It would therefore follow that in an action by the holder of a lien on real property against one who has injured the mortgaged property, the lienholder would have no cause of action for damages to the property, but the injury to the security is the measure of his recovery. Carey v. Starr, supra; Schalk v. Kingsley, supra.

In the Carey Case, supra, our Supreme Court, speaking through Judge Brown, cites Schalk v. Kingsley, supra, and expressly approves and adopts the rule there announced. In the Schalk Case, the rule is clearly laid down by the Supreme Court of New Jersey that the mortgage is not regarded as a common-law conveyance on condition, but merely as security for debt, and that the measure of damages is not based upon the injury to the mortgaged premises, but upon the loss occasioned to the holder of the lien by the injury to his security. We quote the following from the opinion in the Schalk Case:

"It would seem to be in consonance with legal principles to hold that this action in this state must be based not upon the injury to the mortgaged premises, but upon the loss occasioned to the plaintiff by the partial destruction of his security, and that the extent of such loss must measure his damages."

It follows that in the case at bar the measure of Carroll's damage for the wrongful removal of the elevator in question is not the market value of the elevator itself, but the injury done to Carroll's mortgage by such removal, and if the property as left was of sufficient value to secure the debt, then Carroll has suffered no injury.

From what we have said, it is evident that a finding by the jury as to the market value of the elevator can form no basis whatever for a judgment for Carroll. The finding would have to be as to the difference in the value of the mortgaged premises before and after the removal of the elevator; that is, the jury should find the value of the premises before the elevator was removed, and the value after such removal. In the present case, such difference would be the damage to the security if the security left be insufficient to secure the debt. Of course, if the jury finds the value of the premises with the elevator removed equal to or more than the mortgage debt, no injury whatever has resulted, and the verdict would be for Edmondson.

It seems to be contended by Carroll that, since the mortgaged property with the elevator removed sold under order of sale in the former suit for less than the debt thereby secured, he is entitled to recover from Edmondson the value of the elevator, not exceeding the amount unpaid on the judgment. This contention is untenable. Edmondson was not a party to the judgment of foreclosure or any other proceeding had thereunder, and is therefore not bound by such judgment or sale price, as he would have been had he been made a party to that suit. It is the settled law of this state that judgments are conclusive between the parties and their privies only. Bertrand v. Bingham, 13 Tex. 266. Edmondson was undoubtedly guilty of a wrongful act towards Carroll if he injured his security; that is, if he injured the mortgaged property so as to impair the mortgage; but not being a party to the original foreclosure action, he is not bound by the sale price of the premises in that proceeding. Paddock v. Williamson, 9 S.W.(2d) 452, 454 (Tex. Civ. App. Writ Ref.).

Plaintiff in error contends that the holding of the Court of Civil Appeals in the instant case is in conflict with Paddock v. Williamson, supra. We think that case can give no comfort to plaintiff in error here, but, on the other hand, is direct authority against his contentions here. We quote the following from the opinion in the Paddock Case:

" * * * The mortgagor and his vendees remained the holders of the legal title until divested thereof by a judicial sale, effective against all necessary parties. But had the judgment against the Bybees and Johnson, Baldwin, and Cook been executed by selling the land, the purchaser would not have acquired title to the timber against Williamson and Strode & Pitts, since they were not parties to that suit, though they acquired the

title to the timber before Johnson, Baldwin, and Cook were made parties to the suit."

It follows from what we have said that, since Edmondson was not made a party to the original foreclosure proceedings, and did not purchase and remove the elevator in question pendente lite, he is not bound by such foreclosure proceedings, and is entitled to show the value of such premises after the elevator was removed. It also follows that if the property as left was of a value equal to or more than Carroll's debt, he has suffered no injury.

We recommend that the judgment of the Court of Civil Appeals, which reverses the judgment of the trial court and remands the cause for a new trial, be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals, reversing that of the district court, is affirmed, as recommended by the Commission of Appeals.