**BROAD v. WARNECKE et al.**

No. 5217.

Court of Civil Appeals of Texas. Amarillo.
Nov. 4, 1940.

Rehearing Denied Nov. 25, 1940.

Hamilton & Deaver, of Memphis, for appellant.

1006

W. T. Link and R. Y. King, both of Clarendon, for appellees.

STOKES, Justice.

On April 1, 1924, O. W. Kyser and B. A. Kyser executed and delivered to W. P. Bomar, trustee, a deed of trust on 280 acres of land to secure the payment of two notes in the sum of $200 each and one note in the sum of $2,200, all payable to J. W. Broad, the first two to become due and payable January 1, 1925 and 1926, respectively, and the $2,200 note to become due the 1st of January, 1934. These notes provided for interest at the rate of 8% per annum and 10% attorney's fees if sued upon or placed in the hands of an attorney for collection. They were given in renewal and extension of the unpaid portion of two prior series of vendor's lien notes, one series having been assumed by the Kysers and the other series executed by them as part of the purchase price of the land when they purchased the same. On and before January 2, 1925, appellee, Mrs. H. E. Warnecke, and the other appellees in this appeal, were the owners of a 40-acre tract adjoining the 280 acres covered by the deed of trust, the two tracts together constituting the entire east half of Section 91, Block 20, of the H. & G. N. Ry. Co. Survey in Donley County, the 40 acres being out of the northwest corner of the half section. The record shows that on January 2, 1925, appellees enclosed and took possession of the 14½ acres involved in this suit, which constituted a portion of the 280-acre tract. The 14½ acres consisted of a strip along the south end and east side of the forty-acre tract approximately 75 yards wide, enlarged the 40-acre tract already owned and possessed by appellees to a tract of 54½ acres, and reduced the enclosure of the owner of the 280-acre tract by a like amount.

From and after January 2, 1925, appellees had exclusive, open and adverse possession of the entire 54½-acre tract, claiming, using and cultivating the same until this suit was filed May 6, 1939, under circumstances ordinarily sufficient to perfect title by limitation and adverse possession under the ten-year statute of limitation, Art. 5510, R.C.S., 1925.

On March 4, 1932, W. P. Bomar resigned as trustee in the deed of trust, and E. H. Holcomb was appointed as substitute trustee by J. W. Broad, the holder of the notes secured thereby. On the 5th of April, 1932, default having been made by the Kysers in the payment of accrued interest on the $2,200 note, Broad matured the entire indebtedness under the accelerated maturity clause in the notes and deed of trust and Holcomb, at Broad's request, advertised and sold the 280 acres of land at public vendue under the power given to him by the deed of trust, J. W. Broad becoming the purchaser. J. W. Broad afterwards died, leaving a will in which the appellant, Martha E. Broad, his surviving wife, was made the sole legatee and she thereby became the record owner of the 280 acres. Shortly before this suit was filed by appellant, she undertook to remove the fence between her land and the 54½ acres enclosed by and in the possession of appellees so as to include within her enclosure the 14½-acre strip above mentioned. A controversy between the parties concerning the ownership of the strip of land immediately arose, which resulted in the filing of this suit by appellant in which she prayed for an injunction, restraining appellees from in any manner interfering with her in relocating the fence between the two tracts of land. Appellees filed an answer in which they set up title by limitation and adverse possession of the 14½-acre strip of land and the suit, in effect, devolved into one of trespass to try title, appellant, Mrs. Broad, claiming the land under the purchase of her husband at the foreclosure sale under the deed of trust, and appellees claiming it under the ten-year statute of limitation, Art. 5510, R.C.S.

The case was submitted to a jury upon special issues, in answer to which the jury found that the appellees had held peaceable and adverse possession of the 14½ acres for ten years continuously before the suit was filed on May 6, 1939, and on November 11, 1939, the court rendered judgment upon the verdict decreeing the land to appellees.

At the close of the testimony, appellant presented and urged a motion for an instructed verdict in her favor, which was overruled by the court, and, after the verdict was returned, she presented and urged a motion for a judgment non obstante veredicto, which was also overruled. After the judgment was entered, appellant filed a motion for a new trial which was overruled by the court and she duly excepted to the judgment and gave notice of appeal which has been duly perfected.

The contentions of the parties present for decision the single question of whether or not, under the facts above detailed, the appellees had perfected a title to the 14½ acre strip of land by limitation and adverse possession as against the appellant, Mrs. Broad. As has been stated, the appellees entered upon and took possession of the strip of land on January 2, 1925, and this suit was not filed until May 6, 1939, which was more than fourteen years after the possession of appellees began. J. W. Broad, the deceased husband of appellant, purchased the land under the foreclosure proceeding on April 5, 1932. Prior to that time his interest in the land consisted only of his rights and liens under the deed of trust and the prior vendor's lien notes which were merged into the indebtedness secured thereby. It will be seen, therefore, that only eight years had elapsed after he acquired the record title until the suit was filed. More than ten years had elapsed between the time appellees took possession of the land, but less than ten years had elapsed from the time appellant's deceased husband became the owner of the record title. We are thus confronted with the question of whether or not adverse possession and limitation under Art. 5510, R.C.S., affects or applies to a mortgagee or one who holds a lien on the land involved. The pertinent provision of Art. 5510 is as follows: "Any person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward. * * *"

By the plain provision of the statute, the interest and title acquired by adverse possession is that of one who has a right of action for the recovery of the land. It is such, and only such, as is given by the statute, and unless the person claiming such title brings himself within the provisions of the statute, he cannot claim its benefits. The question arises, therefore, as to whether or not, under the facts of this case, appellees held peaceable and adverse possession against one having a right of action for the recovery of the land. Neither appellant nor her deceased husband held any semblance of title to the land at any time prior to April 5, 1932, when J. W. Broad purchased it at the trustee's sale. Being only a mortgagee, J. W. Broad, during his lifetime, had no possessory right to the land until it was purchased by him at the trustee's sale. Without such right there was no foundation for a suit by him to recover the land. Hume v. Le Compte, 142 S.W. 934. It was held by the Court of Civil Appeals of the Fourth District in the cited case that this rule applies even in a case where a deed absolute in form but intended as a mortgage constituted the basis of the plaintiff's claim and that the mortgagee cannot maintain an action in trespass to try title even against a trespasser. A writ of error was refused by the Supreme Court in that case, and we think it may be said that the rule is well established in this State.

Moreover, it is held that a right of action must exist on account of the invasion of the owner's rights during the prescriptive period in order to mature such a title. Martin v. Burr, Tex.Civ.App., 171 S.W. 1044, and authorities there cited. It follows as a necessary sequence that our law of limitation and adverse possession under Art. 5510 does not include within the persons who have a right of action for the recovery of land a mortgagee or lien holder. The statute covers only such persons as have a right of action for the recovery of the land and, unless the person against whom such limitation and adverse possession is asserted has a right of action for the recovery of the land involved, no adverse possession or limitation can run against him no matter how long it may continue. Our Legislature has provided other periods of limitation under which mortgagees and lien holders are bound and the periods in which they must file their causes of action, and an analysis of the conditions which exist under the law between mortgagees and land owners will, we think, demonstrate the wisdom of the law makers in expressing our statutes of limitation in the language in which we find them. Were it otherwise, and especially if the law were such as appellees contend here that it is, investors would hesitate long and seriously before investing in land securities in this State which mature more than ten years after date. The right of action contemplated by the statute, Art. 5510, R.C.S., means the right to institute and maintain a suit for the recovery of the land. J. W. Broad had no such right, as far as the record in this case shows, prior to the time the land was advertised and

**1008**

sold to him by the substitute trustee. The $2,200 note held by him and secured by the deed of trust had not matured. No right of action had accrued thereon and the holder of the indebtedness had no complaint upon which any kind of a suit could have been based. Wilson v. Beck, Tex. Civ.App., 286 S.W. 315; Port Arthur Rice Milling Co. v. Beaumont Rice Mills. 105 Tex. 514, 143 S.W. 926; Federal Crude Oil Co. v. Yount-Lee Oil Co., Tex.Civ. App., 73 S.W.2d 969; Stanley v. Schwalby, 85 Tex. 348, 19 S.W. 264; Lemp Brewing Co. v. La Rose, 20 Tex.Civ.App. 575, 50 S.W. 460; Davis v. Dixon, 61 Tex. 446; Life Ass'n of America v. Goode, 71 Tex. 90, 8 S.W. 639.

Appellees contend in this connection that J. W. Broad had the right to protect his interest in the land before the deed of trust was foreclosed under the provisions of the law pertaining to waste, and they cite us to the case of Carroll v. Edmondson, Tex.Com.App., 41 S.W.2d 64, and other cases of like import. In the cited case Carroll brought suit against Edmondson for the value of an elevator which the latter had removed from a building upon which Carroll held a lien. The court held, in effect, that a mortgagee, such as Carroll, had a cause of action for injury to his security and that such injury was the measure of his recovery, but that he did not have a cause of action for damages to the property. The instant case was not instituted by Mrs. Broad to recover damages to her security. The record is devoid of any allegation or proof that the security had in anywise been injured. Her suit, if any she had, was for the land itself, and if she had a right of recovery it was to recover the title and possession of the land and not damages that had been occasioned to her security. It is not contended that appellees had injured her security but that they had deprived her of her land by taking and attempting to hold the title and possession. The rights of lien holders against those committing depredations upon, and causing waste, of, or injury to, their security have no application to a case

of this kind. It is simply a question of whether or not one holding peaceable and adverse possession of land for a period of ten years may thus perfect title thereto as against a mortgagee holding a live and valid mortgage on the land.

■ Counsel state in their briefs that the exact question here involved is one of first impression and we have not found any case in which it has been decided. A proper construction of the provisions of the statute itself, however, leads us inevitably to the conclusion that appellees in this case are not protected by it. The rights, title and interest which they acquired by their peaceable and adverse possession of the land for the period provided by the statute were only such rights as may have been possessed by a person who had the right of action for the recovery of the land. What we have said and the expressions of the courts in the cases cited demonstrate, we think, that appellant was not such a person and that the statute relied upon by appellees does not include a mortgagee nor a purchaser of the land under a valid foreclosure of a mortgage until his purchase is complete and he acquires a right of action for the recovery of the land.

■ The salient facts in the case were undisputed, and it follows from what we have said that, in our opinion, the appellant was entitled to recover the land. The motion presented and urged by her for a peremptory instruction in her favor should have been granted, and likewise, after the verdict was returned, she was entitled to a judgment under her motion for judgment non obstante veredicto. Both of these motions were overruled and in this the court below committed error for which its judgment will have to be reversed. The record indicates the case was fully developed in all of its aspects and nothing could be gained by another trial. Judgment will, therefore, be here rendered that appellant recover the title and possession of the 14½ acres of land, together with the costs in the trial court and the costs of this appeal.