MRS. H. E. WARNECKE ET AL V. MARTHA E. BROAD.
No. 7817. Decided April 22, 1942.
(161 S. W., 2d Series, 447.)

*R. Y. King* and *W. T. Link,* both of Clarendon, for plaintiffs in error.

The Court of Civil Appeals erred in holding that the ten year statute of limitation did not apply to a lien holder and that the defendant could not claim the benefit of such statute as against the plaintiff prior to the foreclosure sale under which plaintiff bought the land. Smith v. Jones, 132 S. W. 469; White v. Green, 129 S. W. (2d) 801; Craig v. Cartwright, 65 Texas 417; 2 C. J. 131.

*Hamilton & Deaver,* of Memphis, *W. T. Link* and *R. Y. King,* both of Clarendon, for defendants in error.

Cited authorities used in the opinion.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is an action by Mrs. Martha E. Broad, hereinafter referred to as plaintiff, against adverse possession claimants

Mrs. H. E. Warnecke and others, referred to as defendants, to recover title and possession of 14 1/2 acres of land in Donley County, Texas. Trial was to a jury, which found that defendants had held peaceable and adverse possession of the land continuously for ten years prior to the institution of this suit. The trial court entered judgment for defendants on the verdict of the jury. The Court of Civil Appeals reversed and rendered the case. 144 S. W. (2d) 1005. This Court granted a writ of error.

The facts are undisputed. In April, 1924, O. W. Kyser and B. A. Kyser executed a deed of trust in favor of J. W. Broad on 280 acres of land, including the 14 1/2 acres in controversy, to secure three promissory notes given in renewal and extension of vendor's lien notes on the land. The notes were payable respectively in January of the years 1925, 1926, and 1934. The notes and the deed of trust were valid and in force, and contained the usual acceleration of maturity clause.

In January, 1925, at a time when there was no default on the debt, defendants went into possession of the 14 1/2 acres, and they held possession until the filing of this suit in May, 1939, under circumstances which would ordinarily ripen title by adverse possession. In 1932 the mortgagor defaulted in the payment of interest on the debt, and the holder of the notes declared the entire amount due. Foreclosure was had under the power of sale given in the deed of trust. On April 5, 1932, J. W. Broad, the mortgagee and the husband of the plaintiff, bought in the entire 280 acres at the trustee's sale. He subsequently died testate, and plaintiff was made sole devisee of the 280 acres.

Prior to the institution of this suit in May, 1939, plaintiff undertook to remove defendants' fence and place it on the line of the 280 acre tract. A controversy arose concerning the land, and plaintiff filed this suit to enjoin the defendants from interfering with her relocating the fence between the two tracts. Defendants answered with a plea of limitation under Article 5510, R. C. S. 1925. At the conclusion of the the testimony plaintiff moved for an instructed verdict, and after the jury's verdict was returned plaintiff moved for judgment non obstante veredicto. Both motions were overruled.

The sole question presented is whether, under Article 5510, Vernon's Annotated Civil Statutes, 1925, the ten-year statute of limitation runs against a mortgagee prior to foreclosure,

where the adverse claimants have gone into possession after the mortgage was executed, and at a time when the mortgage debt was not in default. The pertinent part of Article 5510 reads as follows:

"Any person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward."

■ It is undisputed that J. W. Broad held a lien on the land involved herein by virtue of a deed of trust which was duly recorded, and that neither he nor his surviving wife held any semblance of title to the land at any time prior to April 5, 1932, when J. W. Broad purchased same at the trustee's sale. Until such sale was made they were not entitled to possession of the land, nor did they have the right of action for the recovery of such land. The lien under the deed of trust was merely a security for the debt, and such deed of trust conveyed neither the title nor the possessory right of the mortmagor in such land to the mortgagee, so as to enable the mortgagee to sue for the recovery of the property even as against a trespasser; so that the lien holder had no right to bring an action of trespass to try title until said land had been purchased by him at the trustee's sale. Carey v. Starr, 93 Texas 508, 56 S. W. 324; Patton v. Minor et al, 103 Texas 176, 125 S. W. 6; Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Texas 514, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629; Carroll v. Edmondson (Com. App.), 41 S. W. (2d) 64; Stanley v. Schwalby, 85 Texas 348, 19 S. W. 264; Wilson v. Beck (Civ. App.), 286 S. W. 315 (writ refused); Davis v. Dixon, 61 Texas 446; Life Ass'n of America v. Goode, 71 Texas 90, 8 S. W. 639; Hume v. LeCompte et al (Civ. App.), 142 S. W. 934 (writ refused); Federal Crude Oil Co. v. Yount-Lee Oil Co. (Civ. App.), 73 S. W. (2d) 969, certiorari denied 295 U. S. 741; 55 Sup. Ct. 655, 79 L. Ed. 1687; Lemp Brewing Co. v. LaRose, 20 Texas Civ. App. 575, 50 S. W. 460. We are not passing upon a secret, unrecorded lien.

■ The rule has long prevailed in this State that statutes of limitation only begin to run from the time that the right of action accrues. Martel v. Somers, 26 Texas 551; Williams v. Pure Oil Co., 124 Texas 341, 78 S. W. (2d) 929; Port Arthur

Rice Milling Co. v. Beaumont Rice Mills, supra; Adams v. San Antonio Life Ins. Co. (Civ. App.) 185 S. W. 610, (writ refused); Hensley v. Conway (Civ. App.), 29 S. W. (2d) 416; 28 Tex. Jur., p. 138, sec. 55; 2 Tex. Jur., p. 28, sec. 11; 37 C. J., p. 807, sec. 152, p. 810, sec. 153.

■ In this case the cause of action accrued when Broad acquired title to the land at the trustee's sale. Until that time he did not have the right to institute and maintain a suit; and, consequently, the statute of limitation did not begin to run prior to that time. Article 5510 plainly provides that a person who has a right of action for the recovery of land against another claiming adverse possession thereof "shall institute his suit therefor within ten years next after his cause of action shall have accrued." It is undisputed that defendants did not hold the land adversely to the rights of plaintiff for ten years after plaintiff's right to file the suit therefor accrued when he bought the land at the trustee's sale in April, 1932. Therefore we hold that defendants did not acquire such land by limitation by reason of Article 5510.

The case of Carroll v. Edmondson, supra, and other similar cases are cited by defendants to sustain their contention regarding limitation. The case of Carroll v. Edmondson, supra, involved a suit for the value of an elevator removed from a building. The plaintiff held a deed of trust lien on the land and improvements thereon. After restating the rules above announced in this opinion, and pointing out the distinction between a suit filed for injury to mortgaged premises and one for loss occasioned to the holder of a lien by injury to his security, it was said:

"It follows that in the case at bar the measure of Carroll's damage for the wrongful removal of the elevator in question is not the market value of the elevator itself, but the injury done to Carroll's mortgage by such removal, and if the property as left was of sufficient value to secure the debt, then Carroll has suffered no injury."

Plaintiff did not file this suit to recover for damages to the land. The trial became one of trespass to try title, and also with reference to relocating a fence. This suit does not involve the question of damage to the property or to the security held by plaintiff. We think this case is distinguishable from the case of Carroll v. Edmondson, supra, and other similar cases, and the principles announced therein do not apply.

The judgment of the Court of Civil Appeals, reversing and rendering the judgment of the trial court, is hereby affirmed.

Opinion delivered April 22, 1942.