Stacy **BRATCHER**, Appellant,

v.

**PECOS MOTORS, INC.**, a corporation, Appellee.

No. 5814.

Court of Civil Appeals of Texas.

El Paso.

Nov. 9, 1966.

Rehearing Denied Nov. 30, 1966.

Walker F. Means, Barstow, for appellant.

John F. Tomlin, Pecos, for appellee.

OPINION

PRESLAR, Justice.

Appellant brought suit against appellee for injuries to his credit arising out of the purchase-sale of an automobile. At the conclusion of the plaintiff-appellant's evidence, the court granted defendant-appellee's motion for instructed verdict. Appellant assigns four points of error by the trial court in granting the instructed verdict, one of which is that the court erred in holding his claim barred by limitations. We believe that issue was correctly determined and the judgment is affirmed on that basis.

Appellant pleaded that he bought a used car from appellee and became dissatisfied with its mechanical condition. It was then agreed between buyer and seller that repairs would be made and the cost shared equally, but disagreement arose over the cost of such repairs after they were made, and the entire transaction was by mutual agreement canceled. Appellant traded in a pickup truck and financed the balance of the purchase price through Universal C. I. T. Credit Corporation. The basis of his claim for damages is that the appellee reported the transaction to the Retail Mer-

chants' Association of Pecos, Texas, as a "repossession", or that it reported it to Universal C. I. T. as a repossession, knowing that they would so report it to the Retail Merchants' Association, and that in either event it injured his property, his credit; that the reasonable inference arising from the report of the transaction between the parties as a "repossession" was that appellant had not been able to pay his financial obligation, or had failed or refused to do so, and would be so understood by those with whom he did business and might seek credit. The Retail Merchants' Association of Pecos, he alleged, is an association engaged in the business of making credit reports upon individuals and firms, and they recorded the transaction as a repossession on appellant's credit record.

The peremptory instruction of the court was correct and should be affirmed if the appellee was entitled as a matter of law to judgment. As indicated, we are of the opinion that the appellee was entitled to judgment for the reason that appellant's claim against it was barred by the statute of limitations, Article 5524, Revised Civil Statutes. That statute provides in part:

"There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward, all actions or suits in courts of the following description:

"1. Actions for * * * injuries done to the character or reputation of another by libel or slander."

Appellant alleged that the report was made in July 1961. This suit was filed on July 19, 1963, two years after the cause of action accrued. The nature of appellant's suit brings it under the above-quoted provisions of the statute, for the basis of it is damage to his reputation. The very nature of the operation conducted by the Retail Merchants' Association is reputation—one's reputation for paying his bills. This is reflected in appellant's pleading wherein he says:

"* * * that said Retail Merchants' Association recorded said transaction as a repossession on plaintiff's credit record. That the reasonable inference arising from the report of the transaction between plaintiff and defendant as a 'repossession' was that plaintiff had not been able to pay his financial obligations to the defendant and/or to Universal C. I. T. Credit Corporation, or had failed or refused to do so, and that the notation of a 'repossession' upon a person's credit record is so understood by creditors generally * * *"

Appellant's "credit record" as kept by the Retail Merchants' Association would amount to his reputation for meeting his obligations, at least it would be a part of his over-all reputation. Appellant seeks to avoid the statute of limitations by characterizing his suit as one for damage to property, to-wit, his credit. While there might be instances where credit is property, or a valuable property right, such is not the case presented here. The record in this case shows that appellant is not seeking damage for any specific or enumerated loss occasioned by the report, but for injury or destruction of his credit generally, a blot on his credit record.

As a matter of law, the nature of appellant's cause of action is established as one which had to be commenced within one year, within the meaning of Article 5524.

The judgment of the trial court is affirmed.