Carl NEWTON et ux., Appellants,

v.

Genevieve CURRY, a Feme Sole, Appellee.

No. 472.

Court of Civil Appeals of Texas,
Houston (14th Dist.)

April 28, 1971.

John F. Schaffer of Marshall & Schaffer, Seabrook, for appellants.

Bill R. Smith of Jordan, Davis, Barlow & Lacy, Houston, for appellee.

SAM D. JOHNSON, Justice.

Summary judgment case.

Genevieve Curry, a feme sole and plaintiff in the trial court, brought suit on a promissory note against Carl Newton and wife, Bonnie L. Newton. The trial court granted the plaintiff's motion for summary judgment and entered judgment for the plaintiff. The defendants, Carl Newton and wife, perfect appeal to this Court.

On October 14, 1963, the defendants executed a promissory note payable upon demand in the principal amount of $2,500.00. The note provided for the payment of interest at the rate of 6% from that date until paid. The note further provided for payment of an additional sum of 10% of the principal and interest owing as attorney's fees in the event that the note be placed in the hands of an attorney for collection. Demand for payment was thereafter made by the plaintiff upon the defendants. After such demand for payment had been made the defendants mailed the plaintiff a personal check in the amount of $100 and a cashier's check in the amount of $100. The plaintiff retained these checks but did not cash them until after the summary judgment was entered in her favor.

On July 23, 1970, the plaintiff filed this suit seeking recovery on the note, plus interest, and 10% attorney's fees. The defendants' unsworn answer consisted of a general denial, an averment that $2,116.38 was the amount due on the note, an allegation that the defendants had made two payments of $100 each to the plaintiff and an allegation that demand for payment upon the part of plaintiff had not been made as required by law in that plaintiff's demand was in excess of the amount actually owed. The defendants also deposited the sum they contended was due, $2,116.38, into the registry of the court. Plaintiff's motion for summary judgment was then filed accompanied by her sworn affidavit. Defendants thereafter made no response or reply of any nature to plaintiff's motion for summary judgment and supporting sworn affidavit. The trial court granted the plaintiff's motion for summary judgment in the amount of $2,432.57, plus attorney's fees in the amount of $243.26 and interest at the rate of 6% per annum.

It is defendants' contention that the trial court erred in granting plaintiff's motion for summary judgment because defendants had raised genuine issues of material fact as to (1) the amount due and owing upon the promissory note, and (2) the sufficiency of the plaintiff's demand upon the defendants. Defendants' points of error will be overruled.

When the defendants made no response to plaintiff's motion for summary judgment and supporting affidavit by pleading, counter affidavit or showing that such counter affidavits were unavailable, they have, in effect, admitted the sworn facts of the plaintiff to be true. Railroad Comm. v. Sample, 405 S.W.2d 338 (Tex.Sup.Ct.); Sandone v. Dallas Osteopathic Hospital, Tex.Civ.App., 331 S.W.2d 476, n. r. e.; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, n. r. e. The allegations contained in defendants' original unsworn answer, standing alone, raised no genuine issue of material fact because defendants' allegations were controverted by the plaintiff's affidavit. McDonald, Texas Civil Practice, Judgments, Sec. 17.26; Allen v. Western Alliance Insurance Company, 162 Tex. 572, 349 S.W.2d 590. Defendants' unsworn original answer may not be relied upon in such circumstances to avert summary judgment. Palm v. La Mantia Bros. Arrizo Co., Tex.Civ.App., 287 S.W.2d 208, n. r. e.

In the absence of controverting affidavits, plaintiff's pleading, motion for summary judgment and supporting sworn

affidavit formed sufficient basis for the rendition of summary judgment.

The judgment of the trial court is affirmed.