Calvin L. HABERN, Appellant,

v.

COMMONWEALTH NATIONAL BANK OF
DALLAS, Texas, Appellee.

No. 17816.

Court of Civil Appeals of Texas,
Dallas.

March 16, 1972.

Tom James, Stephen A. Coke, Blan-
chette, Shelton & James, Dallas, for appel-
lant.

Rex R. Henger, Bergman & Hicks, Dal-
las, for appellee.

GUITTARD, Justice.

The question is whether legal con-
clusions under oath will support a summa-
ry judgment in the absence of objection in
the trial court. We hold they will not.

Plaintiff Commonwealth National Bank of Dallas, Texas sued Applied Science, Inc., Sigma Systems Corporation and Calvin Habern on several notes. The petition alleges one note for $39,000 signed by Habern on behalf of Applied Science, two notes signed by Habern on behalf of Sigma Systems, and one signed by Habern individually. Copies of the notes are attached to the petition. The ground for holding Habern on the notes of the corporations is alleged as follows:

"Plaintiff would further show unto the Court that Defendant, APPLIED SCIENCE, was acting as a mere agency for Defendant, SIGMA SYSTEMS, and in reality Defendants, APPLIED SCIENCE and SIGMA SYSTEMS, were operating at the before mentioned dates of execution of the before mentioned instruments, as one unit and hence are both jointly and severally liable for each others obligations. Further, that the above corporations were dominated by and were the alter ego of the Defendant, CALVIN L. HABERN."

■ Also attached to the petition are two affidavits. One by the bank president states that he was the loan officer who represented the bank in making the loans to defendants, that he was personally acquainted with the facts stated in the petition and that such facts are true and correct. The other affidavit, by an assistant cashier, states that he has supervision of the business records of plaintiff, that it is in the regular course of plaintiff's business for its employees with personal knowledge of acts, events and conditions affecting the business to make a record or transmit information of such acts, events or conditions at or near the time thereof to be included in such business records, and that according to the aforesaid business records, which were made in the regular course of business, "the balances and matters related thereto, which are owed to COMMONWEALTH NATIONAL BANK OF DALLAS, TEXAS, as stated in Plaintiff's Second Amended Original Petition, are true and correct."

The only defensive pleading is a letter filed by Habern for all the defendants denying plaintiff's claims. Plaintiff nonsuited both corporations and filed a motion for summary judgment against Habern alone, predicated on the pleadings, the two affidavits attached to the petition, and a lawyer's affidavit concerning a reasonable attorney's fee. Habern filed no reply or opposing affidavit, and made no appearance at the hearing. The court rendered summary judgment against him for $68,881, together with an attorney's fee of $6,960. He contends on this appeal that the motion fails to show the absence of a genuine fact issue as required by Tex.R.Civ.P. 166–A. This contention is sustained.

■■ Plaintiff would uphold the judgment on the ground that a sworn pleading may be accepted as summary judgment proof in the absence of objection in the trial court, notwithstanding the Supreme Court's declaration in Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540 (Tex.Sup.1971), that pleadings, though sworn, are not to be regarded as summary judgment evidence. We need not consider this question, since we agree with defendant that the affidavits attached to the petition, even if considered as distinct from the pleadings, are insufficient to support the summary judgment. The above quoted allegations from the petition, which are incorporated by reference in the affidavit of the bank president, do not "set forth such facts as would be admissible in evidence," as required by Tex.R.Civ.P. 166–A, subd. (e). In order to pierce the corporate veil and impose liability on a controlling stockholder, various facts not alleged here must be established, and even when such facts are established, the separate identity of the corporation may be a question of fact. Sutton v. Reagan & Gee, 405 S.W.2d 828 (Tex.Civ.App., San Antonio 1966, writ ref'd n. r. e.); State v. Swift & Company, 187 S.W.2d 127 (Tex.Civ.App., Austin

1945, writ ref'd). The quoted allegations from the petition are legal conclusions, which are not competent summary judgment proof. Crain v. Davis, 417 S.W.2d 53 (Tex.Sup.1967); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961). The deficiency is substantive rather than formal. Consequently it was not waived by absence of objection in the trial court. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.1962).

 Moreover, we hold that the affidavit of the assistant cashier stating the contents of certain records is incompetent to establish the balance due on the notes because no copies of the records are attached. This also is a defect which is not waived by absence of objection. Youngstown Sheet & Tube Co. v. Penn, supra, syl. 7.

Plaintiff asserts that failure to file a counter-affidavit or other opposition to a motion for summary judgment has the effect of admitting all the facts in the movant's affidavits. For this rule it cites Railroad Commission v. Sample, 405 S.W.2d 338 (Tex.Sup.1966); Newton v. Curry, 466 S.W.2d 662 (Tex.Civ.App., Houston 14th Dist. 1971, no writ); Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Tex. Civ.App., Dallas 1963, writ ref'd n. r. e.); Sandone v. Dallas Osteopathic Hospital, 331 S.W.2d 476 (Tex.Civ.App., Amarillo 1959, writ ref'd n. r. e.). These cases do not support plaintiff's position because they all assume that the motions in question were supported by sufficient summary judgment evidence. Only when the motion is so supported is the burden cast on the adverse party to file opposing affidavits or other rebutting summary judgment evidence. Buckner Orphans Home v. Berry, 332 S.W.2d 771 (Tex.Civ.App., Dallas 1960, writ ref'd n. r. e.); Brownson v. New, 259 S.W.2d 277 (Tex.Civ.App., San Antonio 1953, writ dism'd).

We also sustain Habern's contention that the trial court erred in awarding summary judgment for attorney's fees. Each of the notes in question provides for "a reasonable attorney's fee not exceeding ten per cent of the principal and accrued interest." The lawyer's affidavit attached states that the fee allowed is reasonable. Since reasonableness is a matter of opinion, the affidavit raises no more than a fact issue. Parr v. Fortson, 457 S.W.2d 137 (Tex.Civ.App., Dallas 1970, no writ). Cf. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970).

For the reasons stated we hold that the summary judgment proof is insufficient to show that no genuine issue of fact exists concerning Habern's liability on the $39,000 note or for the attorney's fee.

Reversed and remanded.