George W. KELLEY, Appellant,

v.

Roy RINKLE, Appellee.

No. 5453.

Court of Civil Appeals of Texas, Waco.

June 12, 1975.

Rehearing Denied July 17, 1975.

McMullen & Snyder, Waylon E. McMullen, Dallas, for appellant.

Coke & Coke, Robert M. Roller, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Kelley from summary judgment he take nothing in a libel suit.

Plaintiff Kelley sued defendant Rinkle *on March 26, 1974,* for damages for libel, alleging defendant in "March 1973" filed with Credit Bureau Services a complaint that plaintiff owed defendant $277. on account of medical and dental services rendered by defendant. Plaintiff alleged the information was false, and constituted a libel, and that plaintiff did not owe defendant any money. Plaintiff alleged humiliation, embarrassment and mental anguish to his damage of $5000., and further sought exemplary damages and attorney's fees.

Defendant by answer plead that plaintiff's action accrued more than one year prior to filing of suit; and filed counterclaim for the $277. dental bill, plus $1,251.25 allegedly owed defendant by plaintiff in another transaction.

Defendant thereafter moved for partial summary judgment as to plaintiff's libel suit asserting the alleged tort occurred on March 13, 1973, more than one year prior to the filing of plaintiff's suit (on March 26, 1974). Defendant attached his affidavit, the report to the Credit Bureau Services, and the affidavit of Merle Young an employee of Credit Bureau Services, all to the effect that defendant turned in the plaintiff's delinquent account in the amount of $277. to Credit Bureau Services on March 13, 1973.

On July 26, 1974, the trial court rendered partial summary judgment that plaintiff take nothing.

On August 21, 1974, plaintiff made motion for new trial attaching an affidavit of James E. Sutton that the records of Credit Bureau Services "indicate that sometime between August 26, 1973, and September 4, 1973, Dr. Rinkle reaffirmed and restated to Credit Bureau Services personnel his allegations with respect to his claim against Mr. Kelley".

On August 26, 1974, plaintiff made motion to set aside the summary judgment he take nothing on the ground of newly discovered evidence (such being the affidavit of Sutton attached to his motion for new trial).

Defendant filed motion for nonsuit on his counterclaim, and on December 9, 1974, the trial court rendered judgment overruling plaintiff's motions to set aside order, and for new trial, dismissed defendant's counterclaim, and decreed plaintiff take nothing against defendant.

Plaintiff appeals on 3 points contending the trial court erred:

1) In granting partial summary judgment for defendant based on a finding plaintiff's cause of action is barred by limitations.

2) In overruling plaintiff's motion for new trial and motion to set aside order.

3) In granting final summary judgment for defendant.

Contention 1 asserts the trial court erred in granting partial summary judgment for defendant based on a finding plaintiff's cause of action was barred by limitations. The record on summary judgment before the trial court at the time partial summary judgment was granted was that defendant furnished the report to the credit bureau on March 13, 1973; and that plaintiff filed suit on March 26, 1974, more than one year after the report was furnished to the credit bureau by defendant.

Article 5524 Vernon's Ann.Tex.Civ.St. provides: "There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward, all actions or suits in courts of the following description: 1 Actions for malicious prosecution or for injuries done to the character or reputation of another by libel or slander * * *."

 The Statute of Limitation begins to run from the time the cause of action accrued. Warnecke v. Broad, 138 Tex. 631, 161 S.W.2d 453. The cause of action here accrued when defendant delivered the report to the credit bureau on March 13, 1973. Thus limitation had run on March 26, 1974, when plaintiff's cause of action was filed. Bratcher v. Pecos Motors, Inc., Tex.Civ. App., NRE, 408 S.W.2d 722; 42 A.L.R.3d 807, 835.

The partial summary was properly rendered.

 Contentions 2 and 3 assert the trial court erred in overruling plaintiff's motion for new trial, motion to set aside order, and in granting final summary judgment for defendant.

After partial summary judgment was granted, plaintiff filed motion for new trial, and motion to set aside the partial summary judgment, and attached an affidavit of James E. Sutton which states that he is attorney for Credit Bureau Services and "The records of the Bureau reflect that sometime between August 28, 1973, and September 4, 1973, Dr. Rinkle reaffirmed and restated to Credit Bureau Services personnel his allegations with respect to his claim against Mr. Kelley".

As basis for motion for new trial and motion to set aside judgment plaintiff asserts the affidavit of Sutton is newly discovered evidence, and brings the libel within the period before limitation runs.

Plaintiff has not plead or proved by summary judgment evidence that he would not have discovered the evidence prior to the partial summary judgment if he had exercised diligence. This is required before the court could grant the relief sought. Dorbandt v. Jones, Tex.Civ.App., NRE, 492 S.W.2d 601; Vance v. Obadal, Tex.Civ.App., Er.Ref., 256 S.W.2d 139.

And the affidavit does not show personal knowledge on the part of affiant, but only the content of certain records of the credit bureau, with no attempt to comply with the business records exception to the hearsay rule, Article 3737 VATS. Moreover the records were not attached to the affidavit. Habern v. Commonwealth National Bank of Dallas, Tex.Civ.App., NWH, 479 S.W.2d 99.

 Finally the trial court is charged with the duty of considering the record as it appears when the motion for summary judgment is heard. Superior Stationers Corp. v. Berol Corp., Tex.Civ.App., NWH, 483 S.W.2d 857; Mason v. Mid-Continent Supply Co., Tex.Civ.App., NRE, 374 S.W.2d 922.

All plaintiff's points are overruled.

Affirmed.