## PEOPLES NATIONAL BANK OF LUFKIN, Appellant,

v.

## STATE FARM FIRE AND CASUALTY COMPANY, Appellee.

### No. 09 88 178 CV.

Court of Appeals of Texas, Beaumont.

May 18, 1989.

Thomas W. Deaton, Lufkin, for appellant.

William Drew Perkins, Lufkin, for appellee.

## OPINION

BURGESS, Justice.

This is a summary judgment case between an insurer and a mortgagee. We reverse.

Appellant held the mortgage on the home of Ronnie and Judy Finch. On June 18, 1986, appellee issued a fire policy on the home for a one year period. A March 13, 1987 fire damaged the home. Appellee refused to pay the Finches, claiming the policy had lapsed for non-payment of premiums. Appellee also refused to pay appellant. Appellant filed suit alleging the existence of the policy, demand, and non-payment. Appellee filed a motion for summary judgment on four grounds: (1) "[P]retrial evidence show[s] there has been no loss financially by Plaintiff"; (2) "[T]he insured has continued to make monthly payments on his obligation to Plaintiff"; (3) "Plaintiff had admitted any sums of money it might recover in the lawsuit would be, by Plaintiff, given to Ronnie Finch"; and (4) "There was no dispute of any material issue of fact with respect to Plaintiff's claim of damages." Its argument to the trial court, and on appeal, is that appellant, as a matter of law, has suffered no damage; therefore, there can be no cause of action for the failure to pay under the policy.

Appellant filed a response to the motion for summary judgment and attached affidavits from the bank president, a bank employee, and the bank's attorney. The affidavit of the bank president states that

the property was security on a note, that "the home for all practical purposes was destroyed completely by fire," and that the bank had thus been placed in a "deficient collateral position." He further swore that the bank had received no notice of cancellation from the insurer prior to the loss; the bank had made demand, and the insurer had not paid.

Appellee continues to take the position there has been no damages shown; thus, an essential element of the cause of action is missing and summary judgment is proper. We disagree. The response to the summary judgment certainly raises fact issues regarding the amount of the loss and the value of the remaining collateral. Apparently appellee takes the position that when a lender goes from the position of a secured creditor, i.e., with a mortgage on a home, to the position of an unsecured or undersecured creditor, i.e. the home is totally or partially destroyed, then the lender has suffered no damages if the debtor continues to make the installment payments. This position is contrary to established law. *English v. Fischer*, 649 S.W.2d 83 (Tex. App.—Corpus Christi 1982), *rev'd on other grounds*, 660 S.W.2d 521 (Tex.1983), cited *Carroll v. Edmondson*, 41 S.W.2d 64 (Tex. Comm'n App.1931), for the proposition that there can be an injury to security and the measure of damages is not based upon the injury to the mortgaged premises but upon the loss incurred by the lien holder occasioned by the injury to the security. Furthermore, in a case of injury to security, one of the objects of insurance is to provide the mortgagee additional security to restore the security to the status quo, in order to provide sufficient value to secure the debt. *English* at 88. The summary judgment is reversed and the cause remanded for trial.

Reversed and Remanded.